## HOUSTON CONTRACTING COMPANY and CONTINENTAL INSURANCE COMPANY
### *v.* Jessie T. YOUNG

79-297                                                    589 S.W. 2d 9

October 29, 1979

*Jacob Sharp, Jr.,* for petitioners.

*Norwood Phillips,* for respondent.

JOHN A. FOGLEMAN, Justice. The petition of Houston Contracting Company and Continental Insurance Company for review of the decision of the Court of Appeals rendered on September 19, 1979, is granted pursuant to Rule 29, § 6 (a) and (b) and the mandate to the trial court issued on that decision is recalled.

The question involved is the application of the statute of limitations provided by Ark. Stat. Ann. § 81-1318 (Repl. 1976), a section of the Worker's Compensation Law, when compensation for disability on account of an injury has been paid to the claimant under the laws of a sister state. It appears that the case is one of first impression in Arkansas and that there is a split of the authorities on the question in other jurisdictions. The question involves the interpretation and construction of an act of the General Assembly. The appeal was originally filed and docketed in this court as No. 79-221, under the style of Houston Contracting Company et al v. Jessie T. Young, but was transferred to the Court of Appeals, along with numerous other cases, by Per Curiam order of this court on July 9, 1979, prior to the filing of any briefs in the case. The appeal to this court was taken from the Circuit Court of Union County, which had affirmed the decision of the Workmen's Compensation Commission.

The case is both excepted from the jurisdiction of the Court of Appeals under Rule 29(1)(c) and involves an issue of significant public interest on a legal principle of major importance. Had a brief or jurisdictional statement revealing these facts been filed prior to the date of our order of transfer, the transfer should not have been made.

The respondent, Jessie T. Young, advances the argument that, since petitioner acquiesced in the transfer by failing to object, it accepted the Court of Appeals as the appropriate forum for its appeal, and the petition for review should be denied. Although it is clear that any party to an appeal may move for a transfer of an appeal by this court under Rule 29(3) or for the certification of any appeal to this court by the Court of Appeals under Rule 29(4), the failure to do so is not a waiver of, or bar to, review under Rule 29(6) by this court. The reason is that the Court of Appeals may, and should, upon its own motion, certify to this court any appeal it finds to be excepted from its jurisdiction by Rule 29(1) or to involve an issue of significant public interest or a legal principle of major importance. If, however, the case had been appealed to the Court of Appeals from the Workmen's Compensation Commission under Act 252 or 253 of 1979 [Ark. Stat. Ann. § 81-1323 (b) (Supp. 1979)], the case could

not have been certified or transferred to this court prior to a decision having been made by the Court of Appeals. See *Ward Manufacturing Company* v. *Fowler,* 261 Ark. 100, 547 S.W. 2d 394.

HARRIS, C.J., not participating.