HOUSTON CONTRACTING COMPANY and
CONTINENTAL INSURANCE COMPANY
*v.* Jesse T. YOUNG

80-285                                      609 S.W. 2d 895
Supreme Court of Arkansas
Opinion delivered December 15, 1980

*Ralph R. Wilson, Norwood Phillips,* for petitioners.

*Shackleford, Shackleford & Phillips, P.A.,* for respondent.

John A. Fogleman, Chief Justice. Petitioners Houston Contracting Company and Continental Insurance Company seek review of the decision of the Court of Appeals affirming the decision of the Workmen's Compensation Commission upon the claim of respondent Jessie T. Young. *Houston Contracting Co.* v. *Young,* 270 Ark. 1009 S.W. 2d (1980). Petitioner asserts two grounds as a basis for review. They are: (1) the case involves an issue of significant public interest and major legal importance; and (2) the case is a subsequent appeal following an appeal that had been decided in this court. We find merit in neither ground and deny review.

This court did previously review a decision of the Court of Appeals in this case and held that the case should be remanded to the Workmen's Compensation Commission for the taking of testimony on the question whether the statute of limitations on respondent's claim had run and that the question was a question of fact. *Houston Contracting Co.* v. *Young*, 267 Ark. 332, 590 S.W. 2d 653. The commission had held that the claim was barred because it was filed more than one year from the date of the last payment of compensation and the Court of Appeals held that the statute had not run. The basis for our reversal of the Court of Appeals was our decision that the statute of limitations is tolled in cases where the recipient of workers' compenstaion benefits is not aware that he is being paid pursuant to the law of another state (Texas, in this case). After remand, the commission found that the claim was not barred by the statute of limitations because Young did not file a claim for an award in Texas, and was unaware that payments voluntarily made by petitioners were made pursuant to the workmen's compensation laws of Texas. The question was one of fact which was resolved against petitioners by the Arkansas Workers' Compensation Commission and the Court of Appeals found substantial evidence to support that decision. There was nothing about the second appeal to the Court of Appeals that involved any issue of significant public interest or principle of major legal importance. Any such issue was resolved in our previous review of the first decision of the Court of Appeals.

Petitioners state that if review were granted the only question before this court would be whether the opinion of the Workmen's Compensation Commission was supported by substantial evidence. We might well have denied this petition without opinion had it not been for the contention of petitioners that the decision of the Court of Appeals should be reviewed by this court because the appeal should have either been filed in this court, or transferred to this court by the Court of Appeals because of Rule 29 (1) (j) of the Rules of the Supreme Court and the Court of Appeals. This subsection of the rule excludes a second or subsequent appeal of a case previously decided in this court from the appellate jurisdiction of the Court of Appeals. That section cannot possibly deprive the Court of Appeals of jurisdiction of an

appeal from the Workmen's Compensation Commission. The jurisdiction of the Court of Appeals of appeals from the Workmen's Compensation Commission is not a part of the appellate jurisdiction of that court assigned to it by this court pursuant to Amendment 58 to the Constitution of Arkansas. It is original jurisdiction conferred upon that court by Acts 252 and 253 of the General Assembly of 1979 [Ark. Stat. Ann. § 81-1323 (b) (Supp. 1979)]. As we pointed out in *Houston Contracting Co.* v. *Young*, 267 Ark. 44, 589 S.W. 2d 9, an appeal from the Workmen's Compensation Commission cannot be transferred or certified to this court prior to a decision having been made by the Court of Appeals. This is due to the fact that the Constitution of Arkansas limits this court to the exercise of appellate jurisdiction (with exceptions not material here), which requires that a decision be first made by a court. *Ward Manufacturing Co.* v. *Fowler*, 261 Ark. 100, 547 S.W. 2d 394. The constitution places no such limitation upon the jurisdiction of the Court of Appeals. Consequently, this case, even though the first appeal taken from the Circuit Court of Union County, before the effective date of Acts 252 and 253 of 1979, could have been decided by this court in the first instance, was properly filed and docketed in the Court of Appeals.