CAGLE FABRICATING AND STEEL, INC. *v.* Roger D. PATTERSON

CA 92-1215                               856 S.W.2d 30

Court of Appeals of Arkansas
Division I
Opinion delivered June 23, 1993

*Warner & Smith*, by: *Wayne Harris*, for appellants.

*Daily, West, Core, Coffman & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case sustained a hernia while pulling a 60-pound part from a jig in the course of his employment with the appellant. The Workers' Compensation Commission awarded benefits to him on a finding that he had satisfied the five factual requirements set out in Ark. Code Ann. § 11-9-523(a) (1987), thereby establishing that he had sustained a work-related hernia. The employer appealed that decision to this Court, and we affirmed. *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 36 Ark. App. 49, 819 S.W.2d 14 (1991). The Arkansas Supreme Court granted review, concluded that we had erred in finding that the Commission made a satisfactory finding of fact with respect to the fifth statutory requirement, and reversed our decision, remanding to the Commission for a new decision based upon a specific finding regarding compliance with the fifth statutory requirement, subsection 11-9-523(a)(5). On remand, the Commission found that the appellee had satisfied that subsection, which requires that the physical distress of the hernia be such as to require the attendance of a licensed physician within 72 hours. From that decision, comes this appeal.

For reversal, the appellant contends that there was no substantial evidence to support the Commission's finding that the physical distress experienced by the appellee following the hernia was such as to require the attendance of a licensed physician within 72 hours after the occurrence. We find no error, and we

affirm.

■ Normally, after an appeal has been decided in the Supreme Court, subsequent appeals are to be filed in the Supreme Court pursuant to Ark. R. Sup. Ct. 1-2(a)(11). However, because of constitutional limitations upon the appellate jurisdiction of the Arkansas Supreme Court, that rule cannot possibly deprive the Court of Appeals of jurisdiction of an appeal from the Workers' Compensation Commission. *Houston Contracting Co.* v. *Young*, 271 Ark. 455, 609 S.W.2d 895 (1980).[1] Therefore, despite the appellant's suggestion that the present appeal should be heard by the Supreme Court, jurisdiction is properly in this Court.

■ The appellant's first point is a challenge to the sufficiency of the evidence. When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation

---

[1] In *Houston Contracting Co.*, *supra*, the petitioner sought review by the Supreme Court on the grounds that the case was a subsequent appeal following an appeal decided in the Supreme Court. Justice Fogleman, writing for the Court, explained the fallacy in the petitioner's argument as follows:

We might well have denied this petition without opinion had it not been for the contention of petitioners that the decision of the Court of Appeals should be reviewed by this court because the appeal should have either been filed in this court, or transferred to this court by the Court of Appeals because of Rule 29(1)(j) of the Rules of the Supreme Court and the Court of Appeals. This subsection of the rule excludes a second or subsequent appeal of a case previously decided in this court from the appellate jurisdiction of the Court of Appeals. That section cannot possibly deprive the Court of Appeals of jurisdiction of an appeal from the Workmen's Compensation Commission. The jurisdiction of the Court of Appeals of appeals from the Workmen's Compensation Commission is not a part of the appellate jurisdiction of that court assigned to it by this court pursuant to Amendment 58 to the Constitution of Arkansas. It is original jurisdiction conferred upon that court by Acts 252 and 253 of the General Assembly of 1919 [Ark. Stat. Ann. 81-1323(b) (Supp. 1979)]. As we pointed out in *Houston Contracting Co.* v. *Young*, 267 Ark. 44, 589 S.W.2d 9, an appeal from the Workmen's Compensation Commission cannot be transferred or certified to this court prior to a decision having been made by the Court of Appeals. This is due to the fact that the Constitution of Arkansas limits this court to the exercise of appellate jurisdiction (with exceptions not material here), which requires that a decision be first made by a court. *Ward Manufacturing Co.* v. *Fowler*, 261 Ark. 100, 547 S.W.2d 394. The constitution places no such limitation upon the jurisdiction of the Court of Appeals.

*Houston Contracting Co.* v. *Young*, 271 Ark. at 456-57, 609 S.W.2d at 896; *see also Sunbelt Couriers* v. *McCartney*, 31 Ark. App. 8, 786 S.W.2d 121 (1990).

Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Hampton & Crane* v. *Black*, 34 Ark. App. 77, 806 S.W.2d 21 (1991). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.* Arkansas Code Annotated § 11-9-523(a) requires a showing that "the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence." A claimant need not prove that he was *actually* attended by a physician within 72 hours after the injury; instead, the statute provides only that the physical distress following the occurrence of the hernia was such as to *require* the attendance of a physician within the 72-hour-period. *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 36 Ark. App. 49, 819 S.W.2d 14 (1991), *rev'd on other grounds*, 309 Ark. 365, 830 S.W.2d 857 (1992).

In the case at bar, the Commission on remand found that the physical distress experienced by the appellee following the occurrence of the hernia was such as to require the attendance of a physician within the 72-hour-period. Although the record shows that the appellee did not seek medical treatment until more than two weeks after the occurrence, the Commission noted that the appellee continued to experience discomfort and periodic episodes of severe pain during this time. The Commission also relied on testimony that the appellee is "stubborn about going to a doctor," and that he did not seek medical attention sooner because he "thought it would work itself out." Viewing the evidence in the light most favorable to the appellee, we cannot say that the Commission erred in finding that the appellee's physical distress was such to require the services of a physician within 72 hours after the occurrence.

The appellant also argues that our prior award to attorney's fees to the appellee for prevailing on the prior appeal should be set aside because our decision in that matter was reversed by the Supreme Court. We do not address this argument because the appellant concedes that the appellee's attorney would be entitled to the award of attorney's fees should the appellee

prevail on appeal. Since the appellee has prevailed on appeal, there is nothing before us to review. This applies equally to the appellant's argument that the costs taxed by this Court in our earlier decision should be vacated and set aside, because the parties agree that the analysis concerning the award of costs is exactly the same as that concerning attorney's fees.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.