Rick GANSKY *v.* HI-TECH ENGINEERING

CA 95-48                                        916 S.W.2d 124

Court of Appeals of Arkansas
En Banc
Opinion delivered February 28, 1996
[Petition for Rehearing denied March 27, 1996.*]

---

\* COOPER, ROBBINS, and MAYFIELD, JJ., would grant.

*Lane, Muse, Arman & Pullen*, by: *Donald C. Pullen*, for appellant.

*Anderson & Kilpatrick*, by: *Randy P. Murphy*, for appellee.

JOHN MAUZY PITTMAN, Judge. Rick Gansky appeals from an order of the Arkansas Workers' Compensation Commission denying additional medical benefits and temporary total disability benefits for his October 31, 1992, compensable injury. Appellee paid temporary total disability benefits and medical benefits through February 22, 1993. At that time, appellee controverted the claim stating that appellant had reached the end of his healing period and that further medical treatment was not reasonable and necessary. The administrative law judge awarded additional medical benefits, including a functional capacity evaluation, and reserved the issue of temporary total disability benefits until the evaluation and follow-up treatment by Dr. Allan C. Gocio, a neurosurgeon, was completed. The Commission reversed and found that appellant did not remain in his healing period subsequent to February 22, 1993, was not entitled to additional temporary total disability benefits, and failed to prove entitlement to additional medical treatment. Appellant argues that the Commission erred by vacating the portion of the administrative law judge's opinion that reserved the issue of temporary total disability and that the Commission's denial of additional medical benefits is not supported by substantial evidence. We find no error and affirm.

■■ When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if the Commission's decision is supported by substantial evidence. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993). Moreover, the Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989).

Appellant sustained a low back injury on February 13, 1990, while employed as a machinist for Advanced Machines. He was treated with physical therapy by Dr. Gocio and released to full duty work on March 27, 1990. Appellant later went to Dr. Barry Thompson, an orthopedic surgeon, and in September 1990, Dr. Thompson prescribed an MRI which revealed no evidence of herniation, but indicated early degeneration of the L3-4 disc and slight facetal hypertrophy at L5-S1. Dr. Thompson released appellant to return to work on October 1, 1990, and again examined appellant on March 20, 1991, at which time he assigned a five percent impairment rating based on degenerative changes in the lumbar spine. Dr. Gocio did not assign any permanent impairment.

From February 1991 to June 1991, appellant worked as a machinist for Arkansas Precision and Hydraulics. In June 1991, he began work as a machinist for appellee and worked until October 1992 when he incurred his compensable injury. Appellant stated that he did not experience any difficulty in performing his jobs prior to the compensable injury. Appellant stated that he sustained an injury to his lower back and neck while engaging in heavy lifting at work on October 31, 1992. Dr. Jeff Reinhart, a general practitioner, noted that there were bulging

discs at L4-5 and L5-S1, but there was no evidence of herniation. Tests at that time resulted in a diagnosis of lumbar strain. Records indicate that appellant was treated with medication and physical therapy.

Appellant stated that he attempted to return to work on January 12 and 13, 1993, and that he experienced pain in his upper back and neck. He remained off work the rest of the week. He returned to work the following Monday and left work on Wednesday to go to the emergency room complaining of cervical and lumbar pain. Appellant first saw Dr. Gocio for the October 1992 injury on January 25, 1993. A myelogram indicated appellant's lumbar region to be normal, but a cervical myelogram and post-myelogram CT scan revealed moderately severe "focal spinal stenosis related to focal small osteophyte formation at C3-4 and C4-5." There was no evidence of disc herniation. Dr. Gocio diagnosed lumbar strain and continued with conservative treatment. On January 29, 1993, Dr. Gocio ordered the continuance of physical therapy with a strengthening program and advised appellant to remain off work until February 22, 1993. Appellant stated that he had been laid off from work and expected to be released to return to work when he consulted Dr. Gocio on February 22, 1993. Appellant testified that Dr. Gocio indicated appellant had improved and because appellant had been laid off, ordered a functional capacity evaluation to determine appellant's capacity to return to work. At that time, appellee controverted the claim and appellant did not have the evaluation nor receive any further medical treatment after February 22, 1993.

Dr. Gocio's October 21, 1993, report states that he last saw appellant on February 22, 1993, and that, at that time, appellant was improving significantly from a suspected cervical strain syndrome. He found no disc herniation, and his diagnosis was cervical strain that was resolving satisfactorily with medical treatment. He stated he did not think that the injury was permanent and stated it would resolve without significant impairment or long term symptomatology.

A January 25, 1993, physical therapy report stated that, except for minimal soreness in the lumbar region, appellant's symptoms were all but alleviated. However, complaints of pain

in the neck and low back were noted. The report also indicated that "symptomatology is reducing and patient states the physical therapy is helping."

A February 25, 1993, physical therapy report states, "All physical therapy goals have been achieved and no further physical therapy visits have been scheduled. The patient is discharged at this time, but will continue his independent home exercise program."

Appellant has not attempted to work since February 22, 1993. He stated that he is able to do some housework, operate a vehicle, mow his yard with a riding mower, and stand and sit for short periods. He testified that he spends most of his time watching television. He said that he continues to have cervical and lumbar pain.

The Commission found that appellant failed to prove that further medical treatment was reasonable and necessary, and, thus, he was not entitled to additional medical benefits, that appellant suffers from a pre-existing degenerative condition and has suffered recurring back pain at least since the February 13, 1990, injury, that medical findings and appellant's complaints following the 1990 injury and 1992 injury are very similar, and that the October 1992 injury only temporarily aggravated appellant's pre-existing back condition. The Commission noted that appellant was essentially symptom-free by at least February 22, 1993, that Dr. Gocio did not believe the injury was permanent, and that the medical treatment given related to appellant's degenerative condition, not to his compensable injury. What constitutes reasonable and necessary medical treatment is a fact question for the Commission and will not be reversed on appeal if supported by substantial evidence. *Arkansas Dep't of Correction* v. *Holybee*, 46 Ark. App. 232, 878 S.W.2d 420 (1994). We cannot say that the Commission's findings and decision to deny additional medical benefits are not supported by substantial evidence.

Appellant's second argument is that the Commission erred in vacating the administrative law judge's order which reserved the temporary total disability issue until appellant's treating physician made a final evaluation. Appellant contends that all of the medical evidence was not before the Commission and Dr.

Gocio's final evaluation was essential for the Commission to decide the issue.

The Commission vacated the administrative law judge's decision as to reservation of the issue because it found that appellant had not proven that he was entitled to further medical treatment, including the functional capacity evaluation, which was a basis upon which the administrative law judge reserved the issue. The Commission also determined that appellant's healing period ended on February 22, 1993, a factual finding that appellant does not contest on appeal.

■ We conclude that there is substantial evidence to support the Commission's decision denying additional medical benefits and temporary total disability benefits. Therefore, we need not address appellant's argument that it was error not to reserve the issue of temporary total disability until further medical treatment was received.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.

COOPER, ROBBINS, and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. By a three-to-three vote the decision of the Workers' Compensation Commission is affirmed in this case. In order to discuss the merits of the prevailing opinion it is necessary to know what the Commission decided. To get to that point, we can start with the admitted compensable injury sustained by the appellant on October 31, 1992.

On that day the appellant, a machinist, had been lifting steel parts weighing from 150 to 200 pounds and putting them into a lathe. He testified that "finally my back just gave out, and I ended up with pains going from my shoulders into my neck and down my back and into my legs." He went to the emergency room at St. Joseph's Hospital in Hot Springs where they made X-rays and referred him to Dr. Reinhart, the company doctor.

Dr. Reinhart's office note of November 2, 1992, states, "Mr. Gansky presents today with complaints of back pain. He injured his back on Saturday. . . . Lower back syndrome with possible disc involvement." Dr. Reinhart saw the appellant again

on November 12, and November 19, 1992. The doctor's office note on this last date states, "Patient would like to try conservative measures with physical therapy and continuation of medications and rest."

Appellant was then referred to Cleveland Smith for physical therapy, and Dr. Reinhart's office note of January 11, 1993, states that appellant returned for a follow-up visit and said he was "doing much better." The doctor's last notation states, "Start work hardening program and start work at light duty and follow-up with me in one month."

The Commission's opinion states that the appellant "apparently did return to work on January 12 or 13, 1993," but the physical therapist's notes indicate that the appellant began to experience pain in his upper back and neck on January 13, 1993; that he complained of "tingling sensations" in both arms; and that he again contacted Dr. Reinhart who subsequently referred him to a neurosurgeon, Dr. Allen Gocio.

On January 27, 1993, Dr. Gocio reported that his impression was "cervical and lumbar herniated disc with nerve root compression," but a myelogram showed only "mild focal extradural defects" and a CT scan found "no evidence of disc herniation." By a "To whom it may concern" letter, dated 1/29/93, Dr. Gocio wrote that he had advised the appellant "to remain off work until I can re-evaluate him." And on February 22, 1993, Dr. Gocio referred the appellant to the Levi Work Capacity Center for a Functional Capacity Assessment program and wrote in his notes that he would consider returning appellant to work after the evaluation. Appellant attempted to schedule the functional capacity assessment with Levi Hospital but he was notified by that hospital that the workers' compensation carrier refused to pay for it and, under those conditions, the hospital would not schedule it.

At the hearing before the administrative law judge, the appellant testified that he still was having headaches and lower back pain but that it was not as severe because he was not doing any lifting. He also stated that he had attempted to return to work several times prior to February 22, 1993, but the pain was so bad he could not continue. He testified that he takes prescription medications and Advil as needed for pain.

In a letter dated October 21, 1993, Dr. Gocio wrote in part:

> Mr. Rick Gansky was last seen by me on 02-22-93, and at this time the patient was improving significantly from a suspected cervical strain syndrome. . . . The patient was referred to the Levi Work Capacity Center for a functional capacity assessment and return to work if feasible after the functional assessment. This is the last contact that I had with the patient. I must assume he has resolved his symptomatology or sought care from another physician.

The administrative law judge held that appellant was entitled to the diagnostic studies recommended by Dr. Gocio, and any further necessary treatment, at appellee's expense. He held in abeyance all other issues.

The Commission reversed. It held that appellant suffers from recurring episodes of back pain which is associated with a preexisting degenerative condition that has been present at least since a February 14, 1990, injury which was settled by joint petition; that appellant's complaints have all been the same since the 1990 injury; and that the medical evidence regarding the 1992 injury contains findings "that are very similar" to the findings after the 1990 injury. The Commission also held that a preponderance of the evidence established that "the October 31, 1992, injury only temporarily aggravated the claimant's preexisting back condition" and that appellant was "essentially" symptom free by February 25, 1993. Since Dr. Gocio had found no permanent physical impairment, the Commission held that no further treatment was necessary for the 1992 injury.

I cannot agree with the Commission's findings. In the first place, even if the Commission is correct that this was only a "temporary aggravation" of a preexisting condition, appellant was still entitled to be treated for that condition until released by his treating physician. Although Dr. Gocio had indicated that he did not think the appellant would have any permanent impairment, the reason he ordered the physical assessment was to determine whether appellant was actually ready to return to work. Obviously, if the employer refuses to allow the injured employee to have a determination of physical ability to return to work made by the doctor the employer provides to treat the

employee, then the employee has not been released from his doctor's care. I think that appellant was at least entitled to the functional capacity assessment and, following that, an examination by Dr. Gocio to determine whether appellant could return to work.

I am authorized to state that Judges Cooper and Robbins agree with this dissent.