Randolph George HICKS *v.* STATE of Arkansas

CR 96-482                                                            921 S.W.2d 604

Supreme Court of Arkansas
Opinion delivered May 20, 1996

*Wayne Emmons* and *Chandler Law Firm,* by: *Edward Witt Chandler,* for appellant.

No response.

PER CURIAM. Appellant, Randolph George Hicks, by his attorneys, has filed a motion for rule on the clerk. His attorneys, Wayne Emmons of Hardy, Arkansas, and Edward Witt Chandler, who was admitted to practice in Arkansas by comity pursuant to Rule XIV of the Rules Governing Admission to the Bar, state by motion that they were notified by the Clerk of this court that the record could not be filed because the notice of appeal was filed late. Appellant's attorneys state by motion that they disagree that the notice of appeal was late.

In a Baxter County jury trial held on December 4 and 5, 1995, appellant, Randolph George Hicks, was convicted of two counts of delivery of methamphetamine, one count of possession of methamphetamine with intent to deliver, and one count of possession of drug paraphernalia. He was sentenced consecutively on each count, resulting in a cumulative sentence of ninety-five years' imprisonment. Appellant's counsel filed a motion for new trial on December 11, 1995, but the motion was filed before the judgment and commitment order was entered on December 14, 1995. The motion for new trial was therefore untimely and ineffective. *Webster v. State,* 320 Ark. 393, 896 S.W.2d 890 (1995) (per curiam). Appellant's counsel amended the motion for new trial on December 20, 1995, asserting additional grounds for the motion. The amended motion related back to the date of filing of the original motion. *Oliver v. State,* 322 Ark. 8, 907 S.W.2d 706 (1995). The trial court did not rule on the motion for new trial. On January 19, 1996, appellant's counsel filed a notice of appeal from the judgment "entered against him on December 5, 1995." Although appellant's jury trial concluded on December 5, 1995, the judgment was not entered for purposes of appeal until it was filed of record with the Baxter County Circuit Clerk on December 14, 1995. Ark. R.

App. P. 4(e) (1995). Because the motion for new trial was ineffective and because the notice of appeal was filed more than thirty days after the judgment was entered, the notice of appeal was also of no effect. *Webster*, 320 Ark. 393, 896 S.W.2d 890.

■ Because appellant's counsel have not admitted responsibility for filing the notice of appeal untimely, we deny appellant's motion. *See In re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam). This court has held that it will treat a motion for rule on the clerk as a motion for belated appeal and grant the motion when counsel admits that the notice of appeal was not timely filed due to an error on his part. *See, e.g., Brown* v. *State*, 321 Ark. 282, 900 S.W.2d 954 (1995) (per curiam). Here, the attorneys do not admit fault. Instead, they state by motion that they witnessed the prosecutor hand the judgment to the circuit clerk at the conclusion of the trial. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986) (per curiam). Therefore, appellant's motion must be denied.

Appellant's attorneys shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the notice of appeal and upon filing same, or if other good cause is shown, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

The present motion for rule on the clerk is denied.

DUDLEY, J., not participating.