Terrance ROBINSON and Tamagum Antonio
Robinson *v.* STATE of Arkansas

CR 99-1112                                    39 S.W.3d 432

Supreme Court of Arkansas
Opinion delivered October 18, 2000

*Lewellen & Associates*, by: *Roy C. Lewellen*, for appellants.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal is brought by appellants Terrance Robinson and Tamagum Antonio

Robinson. Terrance Robinson was convicted of discharging a firearm from a vehicle and felon in possession of a firearm and sentenced to total time to serve of 372 months. Antonio Robinson was convicted of discharging a firearm from a vehicle and sentenced to 216 months. Both men appeal on multiple points, including lack of sufficient evidence to sustain their convictions. The appeal was certified to this court by the court of appeals because interpretation of Supreme Court Rules was involved. We accepted certification. We now hold that under Rule 2(a) of the Rules of Appellate Procedure–Criminal, the notice of appeal in this case was not timely filed. We, therefore, dismiss the appeal.

The facts, according to the testimony of State witnesses at trial, are these. On September 21, 1998, at some time after 10:00 p.m., Willie Gillum and his wife, Peggy Gillum, were returning to their home at 201 South OK Street in West Memphis. After pulling into their driveway, Willie Gillum got out of the vehicle. He then heard his wife say, "Duck." Willie Gillum did not see another car pull up because his back was to the street as he closed the door of the car. After closing the door, he heard shots, and he turned to face the car. The car's windows were down, and he could see Terrance Robinson, who was in the front seat of the vehicle on the passenger side, and Antonio Robinson, who was in the back seat on the passenger side. He also saw the driver, whom he identified as Marcus Turner. Willie Gillum stated that both of the Robinsons had weapons which they were firing at him. While trying to move to the front of the car, he was shot in the back.

Both appellants were charged with unlawful discharge of a firearm, and Terrance Robinson was also charged with felon in possession of a firearm. They were convicted, following a jury trial, as previously set out in this opinion.

After the jury trial and verdict, these events occurred in the procedural history of the case.

- Each appellant filed a motion for new trial on May 10, 1999.

- The judgment and commitment orders were entered by the court on May 24, 1999.

- An order setting the motions for new trial for hearing on June 16, 1999, were filed on June 10, 1999.

- The Robinsons filed a notice of appeal on July 8, 1999. A hearing on the motions for new trial was held on July 8, 1999.

- An order denying the motions for a new trial was entered on July 23, 1999.

As an initial matter, the State contests the subject-matter jurisdiction of this court based on the fact that the Robinsons' notice of appeal was untimely under Ark. R. App. P.—Crim. 2(a) & (b). Specifically, the State points to the fact that the notice of appeal was filed more than thirty days after the entry of the judgment and commitment orders. Further, the State asserts that under our caselaw, the Robinsons' motions for new trial were void and ineffective because they were filed before entry of the judgments. The State cites *Brown v. State*, 333 Ark. 698, 970 S.W.2d 287 (1998), in support of its argument. We agree with the State that the Robinsons' appeal was untimely and must be dismissed.

Rule 2(a)(1) of our Rules of Appellate Procedure—Crim. provides that a notice of appeal must be filed within thirty days of entry of judgment. Rule 2(a) further provides for appeals from orders denying posttrial motions such as the motions for new trial involved in the instant matter. The issue before us is whether these posttrial motions were effective. Stated differently, are posttrial motions following a criminal trial void and ineffective if filed before entry of the judgments?

In *Brown v. State, supra,* a motion for new trial and motion for judgment notwithstanding the verdict were filed after the jury verdict but before entry of the judgment and commitment order. The appellant in that case had been found guilty of capital murder and the jury's sentence was life in prison without the possibility of parole. The posttrial motions were premised on the fact that the jury only deliberated for ten minutes on the appellant's guilt. We held that the issue raised in both posttrial motions was not preserved for our review. We said:

> As an initial matter, both the posttrial motions in this matter were ineffective because they were filed before the judgment was entered in this case. *See Hicks v. State*, 324 Ark. 450, 921 S.W.2d 604 (1996) (per curiam); *Webster v. State*, 320 Ark. 393, 896 S.W.2d 890 (1995) (per curiam). Because the motions are void, we treat them as if they had never been made.

*Brown*, 333 Ark. at 700, 970 S.W.2d at 288.

■ Similarly, in the case at hand the posttrial motions for a new trial were void and of no effect because they were filed before the judgments were entered. The notice of appeal in this case was filed forty-five days after the entry of the judgments. Since the posttrial motions did not extend the period of time in which to appeal due to their ineffectiveness, the appeal is untimely.

■ The Robinsons contend that under one appellate rule for civil matters, and specifically under Ark. R. Civ. P. 59(b), new trial motions filed prematurely are deemed filed the day after judgment. However, that is not the case in criminal appeals as has been clearly set forth in *Brown v. State, supra.*

■ The Robinsons also maintain that they were misled by the trial court, which held the hearing on the motions for new trial after the thirty-day period for filing a notice of appeal had passed. Placing the responsibility on the trial court is not enough to excuse the absence of subject-matter jurisdiction in this court. *Daniels v. State*, 338 Ark. 328, 5 S.W.3d 1 (1999) *(per curiam)*; *Cook v. State*, 327 Ark. 125, 937 S.W.2d 641 (1997) *(per curiam)*; *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) *(per curiam)*.

Appeal dismissed.