Roy C. LEWELLEN *v.* SUPREME COURT COMMITTEE on PROFESSIONAL CONDUCT

02-1199                                    110 S.W.3d 263

Supreme Court of Arkansas
Opinion delivered June 12, 2003

*Jeff Rosenzweig,* for appellant.

*Stark Ligon,* Office of Professional Conduct, by: *Michael E. Harmon,* for appellee.

JIM HANNAH, Justice. Roy C. Lewellen appeals a decision of the Supreme Court Committee on Professional Conduct ("Committee") issuing Lewellen a Caution under the Arkansas Procedures Regulating Professional Conduct, Section 17(D)(5) (2002), due to Lewellen's failure to timely file a notice of appeal. Lewellen argues that the notice of appeal was filed late only

because he justifiably believed that the motions for new trial filed before the judgment and commitment order extended the time within which to file the notice of appeal. He asserts that the statutes and case law as interpreted by this court at the time laid a trap for an attorney in that they gave the impression that a motion for a new trial in a criminal case could be filed at any time before a judgment was entered. We hold that Lewellen violated the Model Rules of Professional Conduct when he failed to comply with the then-existing case law of this court holding that a motion for a new trial filed before a judgment was entered was void. Because the new trial motions were void, the notice of appeal filed on July 8, 1999, was filed more than thirty days from entry of judgment, making the notice untimely. We find no merit in Lewellen's remaining arguments and affirm the findings and action of the Supreme Court Committee on Professional Conduct.

*Facts*

Lewellen was retained to appeal the convictions and sentences of Terrance and Tamagum Robinson. After the jury trial and verdict, defense counsel filed separate motions for new trial, one for Terrance and one for Tamagum. The motions were filed May 10, 1999. However, the judgment and commitment orders were not entered until May 24, 1999. Notice of appeal was filed on July 8, 1999.

Thus, the notice of appeal was not filed within thirty days of the judgment and commitment orders. However, Lewellen argued that the time to file the notice of appeal was extended by filing the motions for a new trial. In *Robinson v. State*, 342 Ark. 384, 39 S.W.3d 432 (2000), this court rejected that argument, citing prior case law which held that a notice of appeal filed before entry of judgment is void and of no effect.

On October 24, 2000, Lewellen filed a motion to reinstate the appeal and admitted to failure to file a timely notice of appeal. On November 16, 2000, a *per curiam* opinion was issued accepting Lewellen's admission of fault and granting the motion to file a belated appeal. *See Robinson v. State*, 342 Ark. 711, 30 S.W.3d 109 (2000). In that *per curiam* opinion, Lewellen was referred to the Committee. An action was undertaken by the Committee resulting in the issuance of a complaint on December 8, 2000. In

that complaint, Lewellen was given twenty days to respond. Following receipt of Lewellen's response, the matter was submitted to Panel A of the Committee. On March 29, 2001, Panel A issued a decision imposing a Caution. Lewellen filed a notice of appeal to avail himself of the option of a hearing *de novo* before Panel B. A hearing was then held on August 16, 2002, before Panel B. Panel B's initial decision in the matter was to issue a Warning under Arkansas Procedures Regulating Professional Conduct, Section 17(D)(6) (2002). However, upon consideration of the procedures regulating a hearing, the Panel concluded it was without authority to issue a Warning after a public hearing and issued a Caution. Lewellen appeals Panel B's decision to this court pursuant to Section 12 of the Procedures Regulating Professional Conduct. Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys, Section 12 (2002).

*Standard of Review*

Lewellen asserts that this court's standard of review on decisions from the Supreme Court Committee on Professional Conduct is confused in that the court declares that it reviews the decision *de novo* and yet will affirm the Committee's action unless it is clearly against the preponderance of the evidence. Lewellen asserts that *de novo* means that the matter must be heard by this court anew as if it had never been heard before.

In the context of an appeal to circuit court from municipal court, this court stated, "When a case is appealed to the circuit court it is to be tried *de novo*, i.e., as though there had been no trial in the lower court." *Harrell v. Conway*, 296 Ark. 247, 248, 753 S.W.2d 542 (1988). Such a *de novo* review is possible in circuit court because the circuit court is a finder of fact. With certain exceptions not relevant to this discussion, this court has appellate jurisdiction only, which means that it has jurisdiction to review an order or decree of an inferior court. *Ward Sch. Bus Mfg. v. Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977); *see also Houston Contr. Co. v. Young*, 271 Ark. 455, 609 S.W.2d 895 (1980). That is why the review provided in Section 12(B) of the Arkansas Procedures Regulating Professional Conduct is not simply a *de novo* review, but is a *de novo* review on the record. A *de novo* review on the record has been the standard of review in attorney discipline

cases since at least July 1, 1976, when this court adopted the Rules of the Court Regulating Professional Conduct of Attorneys at Law. *See In re Court Rules,* 260 Ark. 910 (1976). A *de novo* review on the record determines whether the factual findings were clearly erroneous, or whether the result reached was arbitrary or groundless. *Sturgis v. Skokos,* 335 Ark. 41, 977 S.W.2d 217 (1998). Consistently, this court has stated that in attorney discipline matters, it reviews the findings of fact of the Committee to determine if they are clearly erroneous. *Cortinez v. Ark. Sup. Ct. Com. on Prof. Cond.,* 353 Ark. 104, 111 S.W.3d 369; *Muhammed v. Ark. Sup. Ct. Com. on Prof. Cond.,* 291 Ark. 29, 722 S.W.2d 280 (1992). Due deference is given to the Committee's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Colvin v. Comm. on Prof. Cond.,* 309 Ark. 592, 832 S.W.2d 246 (1992); *see also Neal v. Matthews,* 342 Ark. 566, 30 S.W.3d 92 (2000). However, conclusions of law are given no deference on appeal. *See Montgomery v. Bolton,* 349 Ark. 460, 79 S.W.3d 354 (2002).

■ Therefore, as this court has stated previously, the Committee's findings of fact will not be reversed unless they are clearly erroneous, and the action taken by the Committee will be affirmed unless it is clearly against the preponderance of the evidence. *Cortinez, supra; Fink v. Neal,* 328 Ark. 646, 945 S.W.2d 916 (1997); *Muhammed, supra.*

### *Obligation to be Aware of Case Law*

At the time Lewellen filed the motions for a new trial, the binding law in Arkansas was that a motion for a new trial filed before the judgment and commitment order was entered was void. *Brown v. State,* 333 Ark. 698, 970 S.W.2d 287 (1998). As a consequence, this court treated the motions for a new trial filed before entry of judgment as if they had never been made. *Brown, supra.* Because the motions for a new trial were ineffective, and because the notice of appeal was filed more than thirty days after the judgment was entered, the notice of appeal was late because the motions for a new trial were of no effect. *Hicks v. State,* 324 Ark. 450, 921 S.W.2d 604 (1996); *Webster v. State,* 320 Ark. 393, 896 S.W.2d 890 (1995). Therefore, Lewellen failed to file the notice

of appeal in time, and his motion for a rule on the clerk was necessary to preserve his clients' appeal.

■ ■ At the time Lewellen filed his motions for a new trial, *Brown* and *Hicks* were the controlling law. Case law is controlling precedent. Under the doctrine of *stare decisis*, we are bound to follow prior case law. *Chamberlain v. State Farm Mut. Auto*, 343 Ark. 392, 36 S.W.3d 281 (2001). An attorney is expected to know the law. An attorney may not be at fault where the case law has not settled a point. *See, e.g., Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). However, in 1999, the law on this point was settled. *Brown, supra; Hicks, supra.*

Lewellen argues, nonetheless, that Ark. Code Ann. Section 16-89-130 (1987) allows the filing of a new trial motion up until the judgment is filed and, therefore, because the motions were filed before the judgment was entered, it was timely, and therefore effective to preserve the time within which to file a notice of appeal. Section 16-89-130 dates from the 1869 Criminal Code and has been called into question in the past. In *Cigainero v. State*, 310 Ark. 504, 838 S.W.2d 361 (1992), this court stated:

> Cigainero also relies on Ark. Code Ann. § 16-89-130 (1987) as a grant of extra time to file. It provides in part: 'The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment,' and notes that this applies in cases including where, because of jury misconduct, the court is of the opinion that the defendant did not receive a fair trial. To the contrary, A.R.Cr.P. Rule 36.22 and Ark. Code Ann. § 16-91-105 (1987) have set the time frame, thirty days from date of judgment, and they have effectively superseded and taken precedence over Ark. Code Ann. 16-89-130. *Chisum v. State*, 274 Ark. 332, 625 S.W.2d 448 (1981). Cigainero's motion is not timely, and her issue of whether the trial court erred in refusing to grant a new trial will not be considered on appeal.

*Cigainero*, 310 Ark. at 508.

■ As Lewellen argues, section 16-89-130 speaks to filing a motion for a new trial within the term, but in 1981, in *Chisum v. State*, 274 Ark. 332, 625 S.W.2d 448 (1981), this court stated:

The Criminal Code of 1869 required that a motion for a new trial in a criminal case for newly discovered evidence be filed within the same term of court as the entry of the judgment. Ark. Stat. Ann. §§ 43-2202 and 2203(6) (Repl. 1977); *Delaney v. State*, 212 Ark. 622, 207 S.W.2d 37 (1948). Our present criminal procedural rule and its predecessor statute both fix the time for filing a motion for a new trial as that allowed for the filing of a notice of appeal (ordinarily 30 days). Criminal Procedure Rule 36.22; Ark. Stat. Ann. §43-2704. A motion filed 20 months after the judgment is obviously too late.

*Chisum*, 274 Ark. at 334. At the time Lewellen filed his motions for a new trial, *Brown, supra,* and *Hicks, supra,* plainly provided that a motion for a new trial filed before entry of judgment was void. Lewellen was in error in failing to timely file the notice of appeal.

### Public Caution

■ Lewellen next argues that Section 10(D) of the Procedures Regulating Professional Conduct is in conflict with section 17(E). Procedures Regulating Professional Conduct (2002). The two sections are not in conflict. The sections relate to different matters. Section 17(E)(6) provides a means to resolve the alleged misconduct by issuance of a Warning before a complaint is prepared. Section 10(D)(1-2) provides a procedure where a complaint has been prepared and issued, and a panel has voted to issue a Warning. Contrary to Lewellen's assertion, Section 17(E)(6) does not provide that a Warning may only be imposed before a Committee vote. Section 17(E)(6) provides that under the circumstances stated in Section 17(E)(6), the Committee is authorized to issue a Warning before preparation of a complaint, and Section 10(D) provides that the Committee may impose a Warning after a ballot vote. Taken together, the two sections authorize the Committee to impose the sanction of a Warning at any time prior to a public hearing where the requirements of the sections are met.

Lewellen also argues that the prohibition of issuance of a Warning following a public hearing is a penalty on the exercise of the lawyer's right to appeal. Lewellen asserts that it is a violation of due process for a Warning to be available as a sanction before a

public hearing, but not afterward. Lewellen further argues that denying the right to the sanction of a Warning after a public hearing constitutes a penalty for the exercise of a constitutional right.

On March 29, 2001, Panel A issued a Caution. A Caution is a public warning. Procedures Regulating Professional Conduct Section 17(D)(5) (2002). Lewellen filed a notice of appeal with the Committee to avail himself of his right to a public hearing and *de novo* consideration of his case by Panel B. Under the Procedures, the sanction of a Warning was not available once Lewellen sought a *de novo* public hearing. Procedures Regulating Professional Conduct, Section 12(B) (2002). Lewellen was informed by letter from the Committee that a Warning would not be an available sanction if he proceeded to a public hearing.

■ Lewellen expressed a desire to avoid the public nature of the Caution. Obviously, once a public hearing is announced, and then held, the matters that occurred in that hearing are public. The issue of keeping the matter entirely private is moot. Further, the Arkansas Reports in *Robinson v. State*, 342 Ark. 711, 30 S.W.3d 109 (2000), includes the statement of this court that, "[t]heir attorney, Roy C. Lewellen, admits by motion and affidavit that the appeal was not timely filed due to a mistake on his part." *Robinson*, 342 Ark. at 711. The fact that the notice of appeal was untimely filed is already in the Arkansas Reports. An issue is moot when it has no legal effect on an existing controversy. *Killam v. Texas Oil & Gas Corp.*, 303 Ark. 547, 798 S.W.2d 419 (1990). Moot issues will not be addressed. *Id.* However, Lewellen also expressed the concern that a Caution results in a permanent record of discipline in the Arkansas Reports and a Warning does not.

■ Section 17(E)(6) provides that, "[a] Warning is not a sanction available to a panel of the Committee when issuing a formal letter of disposition following public adjudication of the disciplinary matter." Procedures Regulating Professional Conduct Section 17(E)(6) (2002). The right to practice in state courts is not a privilege or immunity under the Fourteenth Amendment to the United States Constitution. *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973). The applicable level of review is rational

basis. *Id.* We need only look to see if there is any rational basis for denying an attorney the sanction of a private Warning after the matter is made public. *Ark. HSC v. Reg'l Care Facilities, Inc.*, 351 Ark. 331, 91 S.W.3d 63 (2002). More than one rational basis may be stated as an example. Because the matter reached the stage of a public hearing, a purpose may be to create and maintain a public record of what occurred. Further, another rational basis for a Warning being unavailable after a public hearing is that where a disciplinary matter has reached a stage where the public is informed of it, and a public hearing is held, the integrity of the profession is also made public, and a resolution including a perma- nent record in the official reports is necessary to preserve the integrity of the profession.

Affirmed.

CORBIN, J., not participating.