Morris W. THOMPSON *v.* SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT

06-1069 252 S.W.3d 125

Supreme Court of Arkansas
Opinion delivered March 8, 2007

*Jeff Rosenzweig*, for appellant.

Office of Professional Conduct, by: *Stark Ligon* and *Michael E. Harmon*, for appellee.

Tom Glaze, Justice. This case is an appeal from the Supreme Court Professional Conduct Committee, wherein the Committee concluded that Appellant Morris Thompson had violated two of the Model Rules of Professional Conduct. As a result, the Committee fined Thompson, assessed costs, and sanctioned him with a reprimand. Thompson appeals, arguing that he did not violate the Model Rules of Professional Conduct, and, even if we conclude otherwise, reprimand was an excessive sanction. We affirm the Committee's findings.

On March 7, 2003, Thompson, a Little Rock attorney, filed a breach-of-contract lawsuit on behalf of Gamble Construction Company against Leon Gooden, doing business as Gooden Monument Company, in Craighead County. Gamble's lawsuit sought a money judgment for work it performed on Gooden's property located at 213 North Allis in Jonesboro. On May 30, 2003, Thompson filed a lis pendens notice, stating that eleven (11) different properties were "subject to a levy and execution for payment of any judgment that may result" from Gamble's underlying lawsuit against Gooden. Essentially, this lis pendens notice clouded the title on all of these named properties, even though

Gamble did contractual work only on Gooden's property located at 213 North Allis Street.[1]

In turn, Gooden contacted two different attorneys, Frank Snellgrove and Bill Stanley. Snellgrove telephoned Thompson on December 16, 2003, and followed up the same day by written letter, informing Thompson that he was not permitted to file a lis pendens on the property. Likewise, Stanley asked Thompson, in a letter dated January 16, 2004, to remove the lis pendens within a reasonable period of time. In the letter, Stanley indicated that two weeks was a reasonable period of time. On February 11, 2004, almost a month later, Thompson filed a release on nine of the eleven properties listed, leaving a lis pendens on the 213 North Allis property.

Thereafter, Stark Ligon, the Executive Director of the Professional Conduct Committee, and Michael Harmon, a Staff Attorney for the Committee, filed a complaint against Thompson with the Committee. In that complaint, they incorporated an affidavit filed by Gooden and alleged that Thompson had violated Rules 3.1 and 4.4 of the Model Rules of Professional Conduct. Panel A of the Committee took Thompson's matter under consideration and, by ballot vote, found he had violated the two rules. Panel A imposed a caution sanction.

Thompson later requested a de novo hearing, which was held before Panel B of the Committee on June 16, 2006, and Panel B also found Thompson had violated Rules 3.1 and 4.4. As a result, however, Panel B imposed a $4,000 fine against Thompson, and assessed costs in the amount of $378; it further issued the sanction of reprimand. The order was filed with this court on June 30, 2006, and Thompson then filed this appeal.

On review of a decision of the Supreme Court Committee on Professional Conduct, this court reviews the matter de novo on the record and pronounces judgment as if its opinion had been rendered by the Committee. *Fink v. Neal*, 328 Ark. 646, 651, 945 S.W.2d 916, 919 (1997). This court further affirms the Committee's action unless it is clearly against the preponderance of the evidence and will not reverse the Committee's findings unless they are clearly erroneous. *Id.* As mentioned above, Thompson's sole

---

[1] Gooden testified that he wanted to sell a property that he owned, located at 216 North Fisher in Jonesboro. However, when Gooden discovered that the property was one of the eleven (11) properties named in the lis pendens notice, he was unable to do so.

point on appeal is that he did not violate the Model Rules of Professional Conduct, and, even if we conclude otherwise, a reprimand was an excessive sanction. Because we cannot conclude that the Committee's findings are clearly erroneous, we affirm its decision.

Rules 3.1 and 4.4 are the crux of the underlying complaint against Thompson. Rule 3.1 provides as follows:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which included a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

Model Rules of Professional Conduct 3.1. The allegation with respect to Rule 3.1 was that Thompson knowingly filed a lis pendens notice with respect to ten properties that had no connection to Gamble's lawsuit against Gooden and the work Gamble performed on 213 North Allis. Moreover, under Arkansas case law, we have long held that it is improper to use a lis pendens notice in actions seeking a money judgment, which is the case here. *See Health Betterment Found. v. Thompson*, 225 Ark. 529, 283 S.W.2d 836 (1955); *Tolley v. Wilson*, 212 Ark. 163, 205 S.W.2d 177 (1947).

Thompson's defense was "mistake of law," meaning that he did not know that he was not allowed to file the notice with respect to *all* the named properties. This court has held that an attorney is expected to know the law, although he or she may not be at fault where the case law has not settled a point. *See Lewellen v. Sup. Ct. Comm. on Prof'l. Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). Here, Arkansas case law is well settled, and Thompson's use of a lis pendens was improper. *Id.; see also Health Betterment Found. v. Thompson, supra; Tolley v. Wilson, supra.* The Committee, in its review of the case, found no valid law or reason to support Thompson's having filed a lis pendens notice in his civil suit seeking money damages against Gooden. In fact, even after being notified that it was improper to use a lis pendens notice in actions seeking a money judgment, Thompson elected not to release the 213 North Allis property. Therefore, we cannot conclude that the

Committee's decision was clearly erroneous. Even after receiving the initial notice of his mistake, Thompson took almost two months to make any attempt to correct his error. Consequently, we affirm the Committee's findings with respect to Rule 3.1.

■ Thompson was also alleged to have violated Rule 4.4 of the Model Rules of Professional Conduct. That rule states in relevant part:

> (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

Model Rules of Professional Conduct 4.4(a). In support of his argument that he did not violate this rule, Thompson argues that there is no evidence that the lis pendens notice was used to harass or otherwise harm Gooden. Yet, even after Thompson was separately notified by other lawyers that the lis pendens notice was improperly filed, it took him nearly two months to make any attempt at correcting his mistake. Again, we defer to the Committee's decision unless its decision is clearly against the preponderance of the evidence. *Lewellen, supra.* Because we cannot say that its decision with respect to this finding is clearly erroneous, we affirm the Committee's findings.

Finally, Thompson complains that, should we agree with the Committee's findings, a reprimand was an excessive sanction for this instance. The Committee determined that Thompson was guilty of "lesser misconduct," which, under Section 17(C) of the Procedures Regulating Professional Conduct, is defined as "conduct in violation of the Model Rules that would not warrant a sanction terminating or restricting that lawyer's license to practice law." The types of sanctions are defined in Section 17(D) as follows:

1. Disbarment

2. Suspension

3. Interim Suspension

4. Reprimand

5. Caution

6. Warning

7. Probation

Moreover, Section 19(L) of the Procedures Regulating Professional Conduct indicates that the Committee "shall" consider a lawyer's prior disciplinary record, including warnings, as a factor when imposing a sanction.

 The record reveals that Thompson's prior disciplinary record included two warnings, one caution, one reprimand, and one suspension. Considering his prior record, a reprimand for violating Model Rules 3.1 and 4.4 is not excessive, as the reprimand was a sanction within the discipline allowed for "lesser misconduct." Thus, we cannot conclude that the Committee erred, and the Committee's findings are affirmed.

Affirmed.

IMBER, J., not participating.