**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billy MERRITT, Defendant-Appellant.**

**No. 75–1019.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 23, 1976.

Decided Feb. 5, 1976.

---

R. Dennis Hoover, Valparaiso, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and HOFFMAN, Senior District Judge.*

PER CURIAM.

In this direct appeal defendant claims ineffective assistance of trial counsel in violation of his sixth amendment right. This issue was raised in a motion for a new trial filed by counsel appointed to represent defendant on appeal, this court having remanded for the purpose of permitting such a motion to be presented to the District Court. See Fed.R.Crim.P. 33.

Defendant was represented in a trial in the Northern District of Indiana by a court-appointed counsel who had passed the Iowa bar examination but, unbeknown to the appointing judge, had failed the Indiana examination three times (and was therefore ineligible to retake the examination until he had completed an additional year of legal studies). Counsel had never before tried a case as an attorney (although he handled small claims in a legal clinic program while in law school) and indeed had never before represented a client in any capacity. Shortly after the trial he left Indiana to take a non-legal job, apparently without ever having represented any client other than defendant.

At the hearing on the motion for a new trial the district judge said he would not have made the appointment if he had known of the Indiana bar examination failures. Yet, after reviewing the trial and the facts adduced at the post-trial hearing, he concluded that counsel's performance had been competent and denied relief. Despite our respect for the district judge and his opportunity to observe the trial at first hand, we conclude that the judgment must be reversed. The bar examination failures and the inexperience of appointed counsel create an appearance of inadequate representation that is compounded by the cumulative effect of several incidents which provide reasonable grounds for questioning counsel's professional judgment and skill. Standing alone none of these incidents would lead us to conclude that counsel had not met "a minimum standard of professional representation." See *United States ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir. 1975). Under all the circumstances of this case, however, we think that standard was not met.

We need not reach defendant's argument that the *Williams* standard should be supplanted by a higher standard.

Reversed and remanded for a new trial.

---

* Senior District Judge Julius J. Hoffman of the United States District Court for the Northern District of Illinois is sitting by designation.