Alan WILLETT *v*. STATE of Arkansas

CR 97–341                                                970 S.W.2d 804

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*Willaim M. Pearson* and *James S. Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

PER CURIAM. Alan Willett has appealed from a judgment of conviction of capital murder and sentence of death. Mr. Willett's attorneys have moved to admit, *pro hac vice*, J. Thomas Sullivan, an attorney licensed in Texas, for the purpose of participating in the oral argument of the case before this Court. We deny the motion.

The motion recites that Mr. Sullivan has filed a reply brief in the case but does not state that he was admitted to the Arkansas bar for the purpose of doing so. The motion further recites that Mr. Sullivan is an attorney in good standing from another jurisdiction. It incorporates an affidavit of Mr. Sullivan and a certificate of good standing issued April 16, 1998, by the General Counsel of the State Bar of Texas.

In his affidavit, Mr. Sullivan states that he currently teaches at the University of Arkansas at Little Rock School of Law. The affidavit outlines Mr. Sullivan's considerable practice experience in representing death-penalty defendants in courts of the United States, Texas, and New Mexico. It recites Mr. Sullivan's familiarity with the rules of this Court and states that Mr. Sullivan agrees to be bound by this Court's disciplinary rules if admitted *pro hac vice*.

Although neither Mr. Willett's motion nor Mr. Sullivan's affidavit mentions the concept of admission to practice through comity, we must presume that comity with the State of Texas is the basis of the motion, as we can think of no other. Our rule on practice by comity, which also is not mentioned in the motion or affidavit, is Rule XIV of the Rules Governing Admission to the Bar. It provides:

> A lawyer residing outside the State of Arkansas who has been admitted to practice law in the Supreme Court of the United States or in the United States Court of Appeals for the circuit in which the attorney resides or in the Supreme Court or the highest appellate court of the state of the attorney's residence, and who is in good standing in the court of the attorney's admission, will be permitted by comity and by courtesy to appear, file pleadings and conduct the trial of cases in all courts of the State

of Arkansas. However, any trial court may require such nonresident attorney to associate a lawyer residing and admitted to practice in the State of Arkansas upon whom notices may be served and may also require that the Arkansas lawyer associated be responsible to the court in which the case is pending for the progress of the case, insofar as the interest represented by the Arkansas lawyer and the nonresident lawyer is concerned.

Unless the State in which the said nonresident lawyer resides likewise accords similar comity and courtesy to Arkansas lawyers who may desire to appear and conduct cases in the courts of that State, this privilege will not be extended to such nonresident lawyer.

A nonresident lawyer will not be permitted to engage in any case in an Arkansas court unless a written statement is filed with the court in which the nonresident lawyer submits to all disciplinary procedures applicable to Arkansas lawyers.

This rule shall supersede Act 222 of the General Assembly of 1911, as amended . . . .

■ Although Rule XIV was apparently drafted to apply primarily in trial proceedings, we have applied it to govern appearances of counsel in appeals. *Walker v. State,* 274 Ark. 124, 622 S.W.2d 193 (1981); *Walker v. State,* 274 Ark. 325, 624 S.W.2d 439 (1981). When those cases were decided, the rule appeared in the Rules of Court Appendix to 3A Ark. Stat. Ann (Repl. 1979), and it read as it does now in every relevant respect. We recently mentioned the rule in connection with the appellate appearance of a nonresident attorney in *Hicks v. State,* 324 Ark. 450, 921 S.W.2d 604 (1996).

■ The motion to admit Mr. Sullivan is denied because it is deficient in two respects. First, the rule permits the admission *pro hac vice* of nonresident attorneys licensed in states that grant comity to Arkansas attorneys, but neither the motion nor the affidavit mentions whether Texas courts would allow Arkansas attorneys to appear by comity in an instance similar to this one. Second, the motion and affidavit do not state that Mr. Sullivan is "[a] lawyer residing outside the State of Arkansas," and that is the rule's initial requirement. Mr. Sullivan's statement that he is a teacher at the UALR School of Law suggests that he resides in this State.

The reason that attorneys seeking to be admitted *pro hac vice*, based upon comity, must be nonresidents is to prevent attorneys who are not licensed in Arkansas from practicing law here *ad hoc*. If residents licensed elsewhere were permitted to practice in that manner, the exception could easily swallow the rule.

While there is little doubt that Mr. Sullivan is qualified to represent Mr. Willett, it is equally apparent that there is a lack of compliance with Rule XIV, and we have before us neither argument nor citation to authority suggesting that there is or should be an exception in this case.