Kevin McKENZIE *a/k/a* Keith Barrett *v.* STATE of Arkansas

CR 03-775                                                        116 S.W.3d 461

Supreme Court of Arkansas
·Opinion delivered September 4, 2003

*Charles E. Waldman*, for appellant.

No response.

PER CURIAM. Appellant, Kevin McKenzie, was tried and convicted in Crawford County Circuit Court. At trial, appellant was represented by Charles E. Waldman, an attorney from Memphis, Tennessee, who is not a member of the Arkansas Bar. Mr. Waldman did not associate with a member of the Arkansas Bar, nor did he seek to appear *pro hac vice*; however, the trial court approved of Mr. Waldman's representation of appellant.

On June 6, 2003, Mr. Waldman attempted to file the record with this court, and the Clerk refused to docket the case because Mr. Waldman was not approved to practice in the State of Arkansas. At that time, the record would have been considered timely filed. On July 3, 2003, Mr. Waldman filed a motion to withdraw as counsel. On the same day, Mr. W. Gary Kennan filed an entry of appearance, stating that appellant had retained him as counsel. Mr. Kennan also filed a motion for belated appeal in which he prayed that the court grant his motion and direct the Clerk to file the record and docket the case for consideration. The time within which to lodge the transcript has now expired.

We note that, while Mr. Waldman did not appear *pro hac vice* at the trial level, nor did he associate with an Arkansas attorney, our practice by comity is Rule XIV of the Rules Governing Admission to the Bar. It provides:

> A lawyer residing outside the State of Arkansas who has been admitted to practice law in the Supreme Court of the United States or in the United States Court of Appeals for the circuit in which the attorney resides or in the Supreme Court or the highest appellate court of the state of the attorney's residence, and who is in good standing in the court of the attorney's admission, will be permitted by comity and by courtesy to appear, file pleadings and conduct the trial of cases in all courts of the State of Arkansas. However, any trial court may require such nonresident attorney to associate a lawyer residing and admitted to practice in the State of Arkansas upon whom notices may be served and may also require that the Arkansas lawyer associated be responsible to the court in which the case is pending for the progress of the case, insofar as the interest represented by the Arkansas lawyer and the nonresident lawyer is concerned.
>
> Unless the State in which the said nonresident lawyer resides likewise accords similar comity and courtesy to Arkansas lawyers

who may desire to appear and conduct cases in the courts of that State, this privilege will not be extended to such nonresident lawyer.

A nonresident lawyer will not be permitted to engage in any case in an Arkansas court unless a written statement is filed with the court in which the nonresident lawyer submits to all disciplinary procedures applicable to Arkansas lawyers.

*Id.* Although Rule XIV was apparently drafted to apply primarily in trial proceedings, we have applied it to govern appearances of counsel in appeals. *See Willett v. Arkansas*, 334 Ark. 40, 970 S.W.2d 804 (1998). We have mentioned Rule XIV in connection with the appellate appearance of a nonresident attorney. *Id.*

Further, we have held that we will grant a motion for rule on clerk when the attorney admits that the record was not timely filed due to an error on his part. *See Grillot v. State*, 346 Ark. 25, 53 S.W.3d 525 (2001).

The motion to withdraw as counsel is denied because it is deficient in two respects. First, under Rule XIV, Mr. Waldman should have associated with a licensed attorney in Arkansas in his motion to this court. Second, Mr. Waldman should have accepted full responsibility for not having timely filed the transcript in his motion, and he should have provided an affidavit indicating the same.

Mr. Waldman shall file a second motion to withdraw and affidavit in which he accepts responsibility for allowing the time during which to file the transcript to expire, and in accordance with Rule XIV, he must file that motion jointly with a licensed attorney from Arkansas. Upon that filing, the motion to withdraw will be granted. At that time, we will consider Mr. Kennan's entry of appearance and the motion for belated appeal. We defer action on those motions, pending Mr. Waldman's compliance with this order.