Kevin McKENZIE, *a/k/a* Keith Barrett *v.* STATE of Arkansas

CR 03-775                                                   125 S.W.3d 173

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*Charles E. Waldman*, for appellant.

No response.

Per Curiam. Appellant, Kevin McKenzie, by his attorney, Charles E. Waldman, has filed a second motion to withdraw as counsel and motion for rule on the clerk. In his motion, Mr. Waldman states the following: (1) that the record was timely filed by counsel, and (2) that he associated with Alvin Q. Malone during the course of appellant's trial in Crawford County Circuit Court. Mr. Waldman requests that the clerk file appellant's record and docket his case.

We note that Mr. Malone is an attorney with whom Mr. Waldman has practiced in Tennessee and who is licensed in Arkansas. At the trial level, Mr. Malone was responsible for some pretrial motions filed with the trial court, but we cannot find where Mr. Malone appeared on behalf of appellant at the pretrial hearings or jury trial.

Mr. Waldman responds to our *per curiam* order issued on September 4, 2003, where the facts are outlined in detail. In our order, we stated:

> The motion to withdraw as counsel is denied because it is deficient in two respects. First, under Rule XIV, Mr. Waldman should have associated with a licensed attorney in Arkansas *in his motion to this court*. Second, Mr. Waldman *should have accepted full responsibility for not having timely filed the transcript in his motion*, and he should have provided an affidavit indicating the same.

> Mr. Waldman shall file a second motion to withdraw and affidavit in which he accepts responsibility for allowing the time during which to file the transcript to expire, and in accordance with Rule XIV, he must file that motion jointly with a licensed attorney from Arkansas. Upon that filing, the motion to withdraw will be granted. At that time, we will consider Mr. Kennan's entry of appearance and the motion for belated appeal. We defer action on those motions, pending Mr. Waldman's compliance with this order.

*McKenzie, supra* (emphasis added).

■ We have held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *Lewis v. State*, 347 Ark. 438, 64 S.W.3d 753 (2002). We have further held that a statement that it was someone else's fault or no one's fault will not suffice. *Id.*

■ Here, Mr. Waldman did not comply with our *per curiam* order in *McKenzie, supra*. First, he has failed to file his motion *to this court* with Mr. Malone, who is licensed in Arkansas, and second, his filing of the record in this case is deemed untimely because it was filed by a person who is not admitted to practice in Arkansas. Therefore, appellant's motion must be denied.

If appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the record, the motion will be granted, and a copy of the opinion will be forwarded to Tennessee's Committee on Professional Conduct.

■ Failure to timely file the required motion and affidavit will require a hearing to show cause why Mr. Waldman should not be held in contempt of this Court.

The present motion to withdraw as counsel and motion for rule on the clerk is denied.