Kevin McKENZIE, *a/k/a* Keith Barrett *v.*
STATE of Arkansas

CR 03-775

134 S.W.3d 5

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Charles E. Waldman*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant's attorney, Charles E. Waldman, has filed an answer to our second denial of his motion to withdraw as counsel and motion for rule on the clerk, and asserts once again that the untimely filing of the record was not his fault, and that the rule on the clerk should be granted because someone else was at fault.

On June 6, 2003, Mr. Waldman attempted to file the record with the clerk. However, Mr. Waldman is not licensed in our state, and Mr. Waldman did not appear with any attorney licensed

to practice in Arkansas in his attempt to file the record in this case or in his motion to withdraw from the case. Our clerk correctly declined to file the record, and any subsequent effort to file the record was deemed untimely.

By our *per curiam* order, *McKenzie v. State*, 354 Ark. 2, 116 S.W.3d 461 (2003) ("*McKenzie I*"), we denied his motion to withdraw and instructed him to accept responsibility for the untimely filing of the record and to associate with an attorney admitted to practice in Arkansas for the purpose of filing his second motion, pursuant to Rule XIV of the Rules Governing Admission to the Bar.

However, in his second motion, Mr. Waldman declined to follow our instructions and argued that another attorney, Alvin Q. Malone, who is admitted to practice in Arkansas, had participated in the trial below, that Mr. Waldman's failure to associate with Arkansas counsel in seeking to file the record should be forgiven, and that any fault should be borne by our clerk or by Mr. Malone. We note that Mr. Malone has not signed any pleadings or motions under our consideration in this case.

We issued a second *per curiam* order, *McKenzie v. State*, 354 Ark. 479, 125 S.W.3d 173 (2003) ("*McKenzie II*"), directing Mr. Waldman to accept responsibility for the untimely filing within thirty days and to file an appropriate motion to this court with the participation of a licensed attorney from Arkansas.

Mr. Waldman has refused to follow this order, but once again presents a motion arguing that the untimely filing is someone else's fault. In his motion, Mr. Waldman further asserts that we recently have held in *Fisher v. State*, 352 Ark. 567, 104 S.W.3d 744 (2003) that "a statement that it was someone other that the attorney's fault will suffice." That assertion is an incorrect quotation of our holding in *Fisher, supra*. In *Fisher*, we stated, "We have held that a statement that it was someone else's fault or no one's fault *will not* suffice." *Id.* (emphasis added).

Mr. Waldman persists in his refusal to accept responsibility for his breach of our rules. Accordingly, we order Mr. Waldman to appear before us on January 15, 2004, to show cause why he should not be held in contempt of court.

Motion to withdraw as counsel and motion for rule on the clerk denied.