Kevin McKENZIE a/k/a Keith Barrett *v.*
STATE of Arkansas

CR 03-775                                                189 S.W.3d 441

Supreme Court of Arkansas
Opinion delivered July 1, 2004

*W. Guy Kennan,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Jeffrey Weber,* Ass't Att'y Gen., for appellee.

PER CURIAM. The procedural background of this case has been set out in several earlier *per curiam* orders. *See McKenzie v. State,* 356 Ark. 122, 146 S.W.3d 892 (2004); *McKenzie v. State,* 355 Ark. 259, 134 S.W.3d 5 (2003); *McKenzie v. State,* 354 Ark. 479, 125 S.W.3d 173 (2003); *McKenzie v. State,* 354 Ark. 2, 116 S.W.3d 461 (2003).

In our *per curiam* order dated February 12, 2004, we appointed the Honorable John Cole as a special master in this matter and instructed him to conduct a hearing and to supply us with findings of fact. Judge Cole complied with our order and filed his findings of fact with this court on June 22, 2004. After conducting a hearing, Judge Cole made the following findings of fact, which we accept:

Charles E. Waldman, respondent, is and was at all times herein a licensed attorney in good standing in the State of Tennessee, and

who was admitted to practice in the U.S. Court of Appeals of the Fourth, Fifth, and Sixth Circuits.

Alvin Quincy Malone was an attorney licensed in both Tennessee and Arkansas. He was licensed in Arkansas on April 9, 2001, but was automatically suspended for nonpayment of bar dues on March 2, 2002. He was reinstated on June 25, 2003, then suspended again for nonpayment on March 2, 2004, and reinstated on April 5, 2004.

Mr. Malone was initially contacted by Kevin McKenzie in the Crawford County Criminal Proceedings and brought respondent Waldman into the case.

Mr. Malone filed a notice of appearance of counsel in *State vs. McKenzie* on November 19, 2001. He filed one pretrial motion. Mr. Malone has not been relieved as an attorney of record by the Crawford County Circuit Court.

At different times both Judge Floyd Rogers and Judge Gary Cottrell presided at the trial level in *State vs. McKenzie*.

It is evident that both trial judges were aware Mr. Waldman was not licensed in Arkansas.

No verbal or written order was stated or entered into the record allowing Mr. Waldman to practice *pro hac vice*.

No written statement was filed by Mr. Waldman submitting himself to disciplinary procedure applicable to Arkansas lawyers.

Mr. Waldman was allowed by both judges to appear and represent defendant McKenzie.

A judgement of conviction in *State vs. McKenzie* was entered on November 6, 2002, and Mr. Waldman filed a notice of appeal.

On June 3, 2003, Mr. Waldman attempted to timely lodge the transcript with the supreme court clerk, but was refused because he was not licensed in Arkansas.

On June 3, 2003, Mr. Malone's Arkansas license was under suspension. Mr. Waldman was not aware of Mr. Malone's suspension.

Time to file [the] record of *State vs. McKenzie* expired on June 6, 2003.

On July 3, 2003, Mr. Waldman moved to withdraw and in a separate motion, Mr. W. Gary Kennan, an Arkansas licensed attorney, moved for a belated appeal and rule on the clerk.

By *per curiam* delivered September 4, 2003, the supreme court denied the motion to withdraw and ordered Mr. Waldman to file a second motion to withdraw jointly with a licensed attorney from Arkansas and to file an affidavit accepting responsibility for allowing the transcript filing time to expire.

On September 25, 2003, Mr. Waldman filed a second motion to withdraw and a motion for rule on the clerk. It was not filed jointly with an Arkansas lawyer, and no affidavit was filed. Instead the motion asserted Alvin Q. Malone, an attorney licensed in Arkansas, also represented the defendant at all operative times, and appellant was entitled to have the record filed.

By *per curiam* delivered October 16, 2003, the supreme court again ordered Mr. Waldman to file the motion jointly with an Arkansas licensed attorney along with an affidavit accepting responsibility for the late filing. He was allowed 30 days in which to do so.

On November 13, 2003, Mr. Waldman filed an "answer" in which he reasserted Alvin Q. Malone, an Arkansas licensed attorney, also represented the defendant and no orders of the court were ever made releasing Mr. Malone form his duties to defendant. The answer was not filed jointly with an Arkansas licensed attorney and was not accompanied with an affidavit of responsibility.

In the case of *Gregory Fisher vs. State of Arkansas*, CR–2003-00323, Supreme Court of Arkansas, Mr. Waldman was allowed to file the transcript with the supreme court. Fisher was a co-defendant with McKenzie. This fact was offered as evidence that the supreme court clerk made a mistake in refusing to file the transcript in this case.

The supreme court clerk did not make a mistake in refusing to file the transcript in this case. Mr. Waldman was not licensed in Arkansas. Nothing in the record affirmatively indicated he had been admitted *pro hac vice* at the trial level. Mr. Malone was suspended and not in good standing at the time.

Based on the foregoing factual findings, we conclude that Mr. Waldman is in contempt of this court. By declining to follow this court's order to associate with an attorney licensed to

practice in Arkansas, Mr. Waldman not only violated the orders of the court, but also engaged in the unauthorized practice of law. Accordingly, we find Mr. Waldman in contempt of court, and we enjoin him from engaging in the practice of law in Arkansas until he has purged himself of this contempt by following the proper rules for admission *pro hac vice*. Finally, we are removing Mr. Waldman from representing Kevin McKenzie in this appeal.

A copy of this opinion will be forwarded to Tennessee's Committee on Professional Conduct.