Gregory FISHER *v.* STATE of Arkansas

CR 04-1084 217 S.W.3d 117

Supreme Court of Arkansas
Opinion delivered November 17, 2005

*James P. Cloutte*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This case is an appeal of a circuit court's denial of postconviction relief pursuant to Ark. R. Crim. P. 37 (2005). The constitutional question before us is whether a criminal defendant was denied his Sixth Amendment right to counsel solely because his nonresident lawyer, who was licensed to practice law in another state, failed to secure *pro hac vice* admission to the Arkansas court trying his criminal case. We hold that such a circumstance does not constitute a *per se* violation of the Sixth Amendment right to counsel.

Appellant Gregory Fisher was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. He was sentenced to 480 and 180 months' imprisonment, to be served consecutively, and the court also imposed a fine of $150,000. At trial, Mr. Fisher and his co-defendant, Kevin McKenzie, were both represented by Charles E. Waldman. Mr. Waldman is a licensed attorney in the State of Tennessee, but not in the State of Arkansas. On direct appeal, the Arkansas Court of Appeals affirmed Mr. Fisher's conviction. *Fisher v. State*, 84 Ark. App. 318, 139 S.W.3d 815 (2004). Following his conviction and direct appeal, Mr. Fisher filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. In his petition, Mr. Fisher argued that because Mr. Waldman was never licensed to practice law in Arkansas, he was denied his Sixth Amendment right to counsel. The circuit court concluded that, among other things, Mr. Waldman had associated with an attorney licensed to practice law in Arkansas, and, thus, Mr. Fisher was not denied his constitutional right to counsel. From the order denying his Rule 37 petition for postconviction relief, Mr. Fisher now appeals.

Because the instant case is an appeal of a circuit court's denial of postconviction relief, we have jurisdiction pursuant to Ark. R. Crim. P. 37 and Ark. Sup. Ct. R. 1-2(a)(8) (2005). We have repeatedly held that we will not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Jones v. State,* 340 Ark. 1, 4-5, 8 S.W.3d 482, 484 (2000)(citing *Norman v. State,* 339 Ark. 54, 2 S.W.3d 771 (1999) *(per curiam)* and *State v. Dillard,* 338 Ark. 571, 998 S.W.2d 750 (1999)).

Mr. Fisher's sole point on appeal is that he was denied his constitutional right to counsel because his trial counsel, Charles E. Waldman, was not licensed to practice law in Arkansas, and, thus, Mr. Waldman was not able to effectively represent him. The Sixth

Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense." U.S. Const., amend. VI. This constitutional provision provides those accused with the right to effective assistance of counsel at every critical stage of a criminal proceeding. *Strickland v. Washington*, 466 U.S. 668 (1984). As a general rule, to prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Strickland v. Washington, supra; Jones v. State, supra.* This requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* Petitioner must also show that the deficient performance prejudiced the defense; this requires a showing that counsel's error was so serious as to deprive the petitioner of a fair trial. *Id.* On appeal, the court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.*

Notwithstanding the Supreme Court's two-pronged analysis in *Strickland v. Washington, supra,* Mr. Fisher contends on appeal that his counsel's performance was *per se* unconstitutional because trial counsel was not authorized to practice law in Arkansas. In the alternative, Mr. Fisher contends that trial counsel was also ineffective under the *Strickland* test because he failed to properly preserve the issue of sufficiency of the evidence for appellate review.

### 1. Per Se Ineffective Assistance of Counsel

In Arkansas, nonresident lawyers are permitted by comity and courtesy to appear *pro hac vice* in our courts. Specifically, Rule XIV of the Arkansas Rules Governing Admission to the Bar states:

> A lawyer residing outside the State of Arkansas who has been admitted to practice law in the Supreme Court of the United States or in the United States Court of Appeals for the circuit in which the attorney resides or in the Supreme Court or the highest appellate court of the state of the attorney's residence, and who is in good standing in the court of the attorney's admission, will be permitted by comity and by courtesy to appear, file pleadings and conduct the trial of cases in all courts of the State of Arkansas. However, any trial court may require such nonresident attorney to associate a lawyer residing and admitted to practice in the State of Arkansas upon whom notices may be served and may also require that the Arkansas lawyer associated be responsible to the court in which the case is pending for the progress of the case, insofar as the interest represented by the Arkansas lawyer and the nonresident lawyer is concerned.

> Unless the State in which the said nonresident lawyer resides likewise accords similar comity and courtesy to Arkansas lawyers who may desire to appear and conduct cases in the courts of that State, this privilege will not be extended to such nonresident lawyer.

> A nonresident lawyer will not be permitted to engage in any case in an Arkansas court unless a written statement is filed with the court in which the nonresident lawyer submits to all disciplinary procedures applicable to Arkansas lawyers.

Rule XIV of the Arkansas Rules Governing Admission to the Bar (2005). As noted in the State's brief, the rule provides that a trial court *may* require the nonresident lawyer to associate an Arkansas lawyer and the trial court *may* require that the Arkansas lawyer be responsible to the court for the pending case. In contrast to such discretionary provisions, the rule mandates that the nonresident lawyer be afforded the privilege to appear *pro hac vice* in Arkansas courts if and only if (1) the State where he or she is licensed accords similar comity and courtesy to Arkansas lawyers and (2) the lawyer submits a written statement attesting that he or she will abide by all disciplinary procedures applicable to Arkansas lawyers. The drafters of Rule XIV clearly made a distinction between permissive requirements — what a lawyer may be required to do — and mandatory requirements — what a lawyer must do — in order to appear *pro hac vice* by comity.[1] In other words, while the trial court may have discretion in requiring the nonresident lawyer to associate with an Arkansas lawyer, no such discretion exists with regard to the "similar comity" provision and the requirement that the nonresident lawyer file a written statement attesting that he or she will submit to all disciplinary procedures applicable to Arkansas lawyers.

In this case, as noted earlier, Mr. Waldman was a licensed lawyer in the State of Tennessee, but he was not licensed in the State of Arkansas. There was testimony that Mr. Waldman had prepared a motion to be admitted *pro hac vice*, but the circuit court instructed him that such a motion was unnecessary. The record, however, does not indicate that a written statement was

---

[1] Notably, we have stated, "Although Rule XIV was apparently drafted to apply primarily in trial proceedings, we have applied it to govern appearances of counsel in appeals." *McKenzie v. State*, 354 Ark. 2, 3–4, 116 S.W.3d 461, 461–462 (2003). Accordingly, the appellate courts are afforded the same discretion as trial courts under Rule XIV.

ever filed in accordance with Rule XIV, by which Mr. Waldman attested that he would submit to the disciplinary procedures applicable to Arkansas lawyers. Regardless of the circuit court's statement to the contrary, such a written statement is mandatory under Rule XIV. Consequently, because of Mr. Waldman's non-compliance with Rule XIV's written-statement requirement, we must conclude that Mr. Fisher's trial counsel was not authorized to appear *pro hac vice* in this State at the time of the trial.

At the outset, it is important to note that our court has not heretofore considered the question of what circumstances, if any, constitute a *per se* violation of the Sixth Amendment. The test under the *Strickland* analysis involves an examination of specific acts and omissions on the part of counsel that are alleged to constitute deficient performance resulting in prejudice to the defense. *See Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001). The Nebraska Supreme Court has nonetheless noted that some courts "have held that in certain circumstances, legal representation by a particular individual constitutes a *per se* violation of a criminal defendant's Sixth Amendment right to the effective assistance of counsel, regardless of the particulars of such representation." *State v. McCroy*, 259 Neb. 709, 713, 613 N.W.2d 1, 4-5 (2000).

Generally, other jurisdictions have held that there is a *per se* violation of the Sixth Amendment when the person posing as a lawyer was never properly licensed to practice law. For instance, in *Solina v. United States*, 709 F.2d 160 (2d Cir. 1983), the defendant was represented by counsel who had graduated from an accredited law school but had never successfully passed the bar exam. Consequently, he had never been admitted to the bar. Under those circumstances, the Second Circuit Court of Appeals held that this constituted a *per se* violation of the defendant's Sixth Amendment right to "assistance of counsel." *Id.* at 167. Likewise, in *U.S. v. Novak*, 903 F.2d 883 (2d Cir. 1990), the federal appellate court followed a similar rationale in holding that representation by a lawyer who had been admitted to the bar only on the basis of false representations regarding his legal education constituted a *per se* Sixth Amendment violation. The court concluded in part, "In general, the Sixth Amendment guarantee is not satisfied if the accused is represented by a person who, for failure to meet substantive bar admission requirements, has never been admitted to the practice of law in any jurisdiction." *Id.* at 887. Similarly, the Florida Court of Appeals determined that representation by an individual who had graduated from law school and passed the bar

examination, but who had been denied a license on grounds of lack of moral character, constituted *per se* ineffective assistance of counsel. *Huckelbury v. State,* 337 So.2d 400 (Fla.App. 1976). The Florida appellate court held that the case presented "a situation where one without proper credentials as a lawyer in any state or federal jurisdiction posed as a lawyer. And, he who so posed has not been considered to be of sufficient moral fiber to bear the stamp of approval of the Florida Bar." *Id.* at 403.

The situation is different, however, when a lawyer admitted to the bar in any jurisdiction fails to meet another jurisdiction's *pro hac vice* requirements. Both state and federal courts have been unwilling to hold that such a failure rises to the level of a *per se* Sixth Amendment violation. For instance, in *Cole v. United States,* 162 F.3d 957 (7th Cir. 1998), the Seventh Circuit Court of Appeals addressed the very question at issue here. In that case, the trial lawyer was licensed in Illinois and was admitted to the bars of the Northern District of Illinois, the Eastern District of New York, and the Northern District of Minnesota, but he was not admitted to the bar in the Northern District of Indiana, where the trial had taken place. The Seventh Circuit discussed at length the constitutional implications of a lawyer's failure to secure *pro hac vice* admission to the court trying the defendant's criminal case:

> The right to the representation of counsel implies some minimum standard of competence, but "the key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from some forum demonstrating the specialized knowledge of a lawyer." *United States v. Maria-Martinez,* 143 F.3d 914, 917 (5th Cir.1998), *petition for cert. filed,* (U.S. Sept. 8, 1998) (No. 98-6016). This court has held that "the 'Counsel' to which the sixth amendment refers is a professional advocate who meets the standards set by the court." *Reese v. Peters,* 926 F.2d 668, 669 (7th Cir.1991). The admission of non-local attorneys *pro hac vice* is a longstanding tradition in both federal and state courts. *Id.* at 669-70. Typically, admission *pro hac vice* is a formality, so long as the courts of some jurisdiction have approved the attorney as having the requisite skill and integrity to practice law. *Id.* Thus, whether a lawyer has been admitted to practice in the local jurisdiction is not of constitutional dimension. "What matters for constitutional purposes is that the legal representative was enrolled after the court [of some jurisdiction] concluded that he was fit to render legal assistance." *Id.* at 670.

Only where the attorney had never been admitted to practice before any court at all, and thus should be considered a non-lawyer, have courts found *per se* violations of the right to counsel. *See, e.g., Solina v. United States,* 709 F.2d 160 (2d Cir.1983) (representation by person who had failed twice to pass the New York state bar examination and was not a member of any other bar was a *per se* violation of the right to counsel); *cf. United States v. Novak,* 903 F.2d 883 (2d Cir.1990) (representation by attorney who gained law license through fraud was a *per se* Sixth Amendment violation). Hewing to this rule, we have not applied a *per se* rule even in a case where counsel, who had never represented a client in any capacity, had passed one state bar but had failed the bar three times for the state in which the case arose. *United States v. Merritt,* 528 F.2d 650 (7th Cir.1976).

．　．　．　．

Indeed, although this court has never been presented with the precise issue Cole raises, other federal courts of appeal have held that a lawyer's failure to seek or gain *pro hac vice* admission to the court trying the defendant's criminal case does not result in a per se Sixth Amendment violation. *See, e.g., Kieser v. People of New York,* 56 F.3d 16 (2d Cir.1995); *United States v. Costanzo,* 740 F.2d 251 (3d Cir.1984); *Derringer v. United States,* 441 F.2d 1140 (8th Cir.1971); *United States v. Bradford,* 238 F.2d 395 (2d Cir.1956).

*Id.* at 958 -959. *See also United States v. Sanders,* 337 F.3d 845 (8th Cir. 2004); *People v. Lopez,* 242 Ill. App.3d 160, 610 N.E.2d 189 (1993). Similarly, the Indiana Court of Appeals adopted the Seventh Circuit's reasoning in *Little v. State,* 819 N.E.2d 496 (Ind. Ct. App. 2004). Despite the trial lawyer's failure to comply with Indiana's state *pro hac vice* rules, the Indiana appellate court concluded that counsel's failure to comply with state rules did not amount to a *per se* violation of the accused's Sixth Amendment right to counsel. *Id.*

 To summarize, in determining what constitutes a *per se* violation of the Sixth Amendment, courts have generally examined the facts to ascertain whether trial counsel was properly licensed in any jurisdiction at the time of trial. If trial counsel was admitted to the bar in any jurisdiction at the time of trial, courts have tended to shy away from applying a *per se* rule. Mr. Waldman was a properly licensed attorney in the State of Tennessee at the time of trial. While he failed to comply with this State's *pro hac vice*

requirements, we decline to hold that such a failure rises to the level of a *per se* Sixth Amendment violation. Our ruling on this point is supported by the above-cited cases from other jurisdictions.[2]

## 2. The Strickland Two-Pronged Analysis

■ Mr. Fisher argues in the alternative that he was entitled to relief under the *Strickland* test. Specifically, he claims that trial counsel failed to preserve his challenge to the sufficiency of the evidence for appellate review. As to that claim, the trial court did not rule on counsel's alleged ineffective assistance in failing to move for a directed verdict at the close of the State's case, and to renew the motion at the close of Mr. Fisher's case. It is appellant's obligation to obtain a ruling in order to preserve an issue for appellate review. *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). Accordingly, Mr. Fisher's claim is procedurally barred.

## 3. Conflict of Interest

■ For his final argument, Mr. Fisher suggests that Mr. Waldman's joint representation of Mr. Fisher and his co-defendant, Mr. McKenzie, created a conflict of interest that prejudiced Mr. Fisher. That argument was not raised in his original Rule 37 petition for postconviction relief. Accordingly, we are precluded from considering the issue for the first time on appeal. *See Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

Affirmed.

---

[2] The circuit court concluded that Mr. Waldman had associated local counsel and, therefore, did not have to be admitted *pro hac vice*. The record indicates that, despite the fact that a local attorney filed an appearance, no attorney other than Mr. Waldman appeared on behalf of Mr. Fisher at the trial.