COMMITTEE ON PROFESSIONAL CONDUCT *v.*
Paul E. REVELS

04–808                                                     199 S.W.3d 630

Supreme Court of Arkansas
Opinion delivered December 9, 2004

*Stark Ligon*, Executive Director, and *Nancie M. Givens*, Deputy Director, for appellant.

No response.

Jim Hannah, Justice. Stark Ligon, as Executive Director of the Office of Professional Conduct, appeals a decision of Panel A of the Arkansas Committee on Professional Conduct. Panel A imposed a sanction of a reprimand against attorney Paul E. Revels for violation of the Model Rules of Professional Conduct relating to his trust account. Ligon argues that Panel A abused its discretion in failing to impose a suspension of Revels's attorney's license.

We hold that the decision to impose a reprimand rather than a suspension is clearly against the preponderance of the evidence

presented in this case. We modify Panel A's decision and in lieu of the reprimand impose a suspension of three months. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(5).

## Facts

On June 30, 2002, the Committee on Professional Conduct served Revels with a "Formal Complaint" under section 9 of the Arkansas Procedures Regulating Professional Conduct (Procedures). In that complaint, Revels was accused of violating Model Rule of Professional Conduct 1.15(a) by failing to hold property belonging to his clients and third persons separate from his own property, by having a balance in the trust account below the amount of client and third party funds held by Revels, and by use of trust account funds for personal purposes. Revels was also accused of violating Model Rules of Professional Conduct 1.15(b) in failing to timely pay medical providers money due from settlement and Model Rules of Professional Conduct 8.4(c) in converting property owned by his clients and third persons to his own use.

Revels responded in writing to the "Formal Complaint," and upon consideration of his response by Committee Panel B, Revels was found to have violated Rule 1.15(a) and (b) as well as rule 8.4(c). Revels appealed the decision of Panel B, and a hearing was held before Panel A on March 19, 2004. After hearing testimony and considering other evidence, including trust account documents and case files, Panel A unanimously found a violation of Rule 1.15(a) and Rule 8.4(c). No violation of Rule 1.15(b) was found. The sanction imposed by a majority vote of four was a reprimand, a $2500 fine and $50 costs. The remaining three members of the panel would have imposed a three-month suspension rather than the reprimand. The trust account records presented to Panel A by the Executive Director were incomplete and far from clear.

## Standard of Review

Pursuant to Section 12(B) of the Procedures, on appeal, this court carries out a *de novo* review on the record. *Lewellen v. Sup. Ct. Comm. on Prof'l Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). A *de novo* review on the record determines whether the factual findings were clearly erroneous, or whether the result reached was arbitrary or groundless. *Id.* Due deference is given to the Committee's superior position to determine the

credibility of the witnesses and the weight to be accorded to their testimony. *Colvin v. Sup. Ct. Comm. on Prof'l Conduct,* 309 Ark. 592, 832 S.W.2d 246 (1992); *see also Neal v. Matthews,* 342 Ark. 566, 30 S.W.3d 92 (2000). However, conclusions of law are given no deference on appeal. *See Montgomery v. Bolton,* 349 Ark. 460, 79 S.W.3d 354 (2002). The Committee's findings of fact will not be reversed unless the findings are clearly erroneous, and the action taken by the Committee will be affirmed unless it is clearly against the preponderance of the evidence. *Fink v. Neal,* 328 Ark. 646, 945 S.W.2d 916 (1997).

### *Trust Account*

This case concerns the use of a trust account. A trust account is used by an attorney to hold client funds, funds in which a client has an interest, and funds of third parties. *See In re Compliance with Rule 1.15,* 315 Ark. Appx. 753, 870 S.W.2d 394 (1993). Relevant to this case, Rule 1.15 requires that no funds belonging to the attorney or the attorney's firm be deposited in the trust account. Further, Rule 1.15 requires that an attorney keep complete records of a trust account for five years after the termination of representation, and that upon receipt of any funds belonging to a client or a third party, the client or third party shall receive prompt notice from the attorney that he or she holds funds in which such parties hold an interest. Additionally, funds are to be promptly delivered to clients and third parties when due, and property in which an attorney and a client have an interest is to be kept separate until there is an accounting and severance of the interests.

Rule 1.15(a) provides:

(a) All lawyers shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

Panel A found that:

Revels deposited cash in his trust account that was unsupported by documents showing that the deposited cash constituted funds properly held in the trust account;

Revels deposited personal checks in his trust account that appear to be checks made payable to Revels for attorney's fees;

Revels deposited settlement checks in his trust account without thereafter writing a check to himself to take his fee, leaving the impression that he kept fees in his trust account;

Revels deposited checks into his trust account from the city paying Revels for work as city attorney;

Revels made cash withdrawals as well as withdrawals by cashier's check made payable to himself;

Revels commingled his funds with client and third-party funds;

Revels failed to keep funds in the trust account that belonged there; and,

Revels apparently used trust funds for his own personal use.

In part, the confusing nature of this case is due to Revels's failure to keep sufficient records. The records do not permit one to fully understand what activity was occurring in his trust account. The decision that Revels violated Rule 1.15(a) was not clearly erroneous.

## Rule 1.15(b)

■ Rule 1.15(b) provides:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

Panel A did not find a violation of Rule 1.15(b). The record appears to show that Revels held funds due third parties that were not timely disbursed. However, the testimony taken at the hearing is far from clear. Although the record would support a finding that Revels violated Rule 1.15(b), we cannot say that the decision declining to find a violation was clearly erroneous.

## Rule 8.4(c)

Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The Committee found that Revels failure

to maintain the proper balance in the trust account constituted conversion. Further, Revels allowed the balance in his trust account to repeatedly drop below the amount of funds held in trust, and for two months his trust account showed a negative balance. Additionally, the evidence showed checks drawn on the trust account, such as a check written to a convenience store, that appear to constitute personal use of trust funds by Revels.

■ Clearly client and third-party funds were not in the account when they should have been there. Just where the funds went in the period that the balance was too low is unclear; however, it is clear that Revels was bound by the Rules to hold client and third-party funds in trust and failed to do so. The Panel's conclusion that Revels converted the funds is not clearly erroneous.

### Sanction

■■ The committee stated in its Finding and Order:

WHEREFORE, it is the decision and order of the Arkansas Supreme Court Committee on Professional Conduct, acting through its authorized Panel A, that, Arkansas Bar ID # 91110, be, and hereby is, **reprimanded** for his conduct in this matter, fined $2500.00 and assessed costs of $50.00.

Section 17 of the Arkansas Procedures Regulating Professional Conduct provides that serious misconduct "is conduct in violation of the Model Rules that would warrant a sanction terminating or restricting the lawyer's license to practice law." Procedures, section 17(B). Section 17(B)(1) and (3) provide that misappropriation of funds as well as misconduct that involves dishonesty constitute "serious misconduct." Among other findings of failing to properly use and maintain his trust account, Revels was found to have misused and converted client and third-party funds that should have been kept safe in his trust account. This constitutes serious misconduct which warrants termination or restriction of the lawyer's license. However, Panel A imposed a reprimand which is warranted for "lesser misconduct." Section 17(C) provides that lesser misconduct "is conduct in violation of the Model Rules that would not warrant a sanction terminating or restricting the lawyer's license to practice law." Panel A's imposition of a reprimand for conversion and dishonesty constitutes an action taken by the Committee which is clearly against the

preponderance of the evidence. Revels was guilty of severe misconduct, and his conduct warrants a sanction under section 17(B). The reprimand is modified to a three-month suspension.

THORNTON, J., not participating.

GLAZE, J., concurs but would impose a six-month suspension because the Committee on Professional Conduct found that Revels had engaged in serious misconduct involving dishonesty, fraud and because he converted his clients' funds for his personal use.