Woodson D. WALKER *v.* SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT

06-619                                           246 S.W.3d 418

Supreme Court of Arkansas
Opinion delivered January 4, 2007

*Jeff Rosenzweig,* for appellant.

*Stark Ligon,* Executive Director, and *Nancie M. Givens,* Deputy Director, Office of Professional Conduct, for appellee.

Robert L. Brown, Justice. Appellant Woodson D. Walker appeals from an order of the Supreme Court Committee on Professional Conduct (Committee) finding him in violation of five provisions of the Arkansas Rules of Professional Conduct and suspending his license to practice law for three years. We affirm.

The facts leading up to this order are as follows. On February 8, 2001, Ms. Reeshema Britt of Little Rock was injured in an automobile accident. The other driver in the accident, who was insured by State Farm Insurance Company, was clearly at fault. Britt wanted to file suit against the driver, and she employed Walker to represent her in the matter in August 2002. Unbeknownst to Britt, Walker's license to practice law had been suspended due to an unrelated matter for one year, effective April 21, 2003. Walker did not seek reinstatement of his license at the end of the suspension period; nor did he advise Britt that his license had been suspended.

On June 11, 2003, Walker wrote a letter to Britt to confirm her decision to decline a settlement offer from State Farm regarding her accident in the amount of $5,500. The letter was written on the letterhead of Larry Dunklin, Walker's law partner in the law firm of Walker & Dunklin. In that letter, Walker informed Britt that Dunklin would "manage [her] case to conclusion" and proceed to file suit "in accordance with [her] wishes." After this letter was written, Britt had difficulty contacting both Walker and Dunklin, and in April 2004, she learned that a lawsuit in her case had not been filed within the three-year statute of limitations. On May 3, 2004, Britt met with Walker about this, and Walker told her that he would try to have State Farm pay the amount of the original settlement offer, $5,500. He also told her that he would try to have her medical bills, over $13,000, taken care of as well, with him receiving one-third of the recovery as a fee. Britt declined Walker's offer.

On May 24, 2004, Britt employed attorney Luther Sutter to file a legal malpractice claim against Walker and Dunklin for failing to file her lawsuit within the statute of limitations. A complaint was filed, and subsequently, a default judgment for $75,000 was entered against Walker and Dunklin. At the time of this appeal, Britt had not yet received payment on this judgment.

The Committee filed a complaint against Walker, alleging that his conduct in relation to Britt's matter violated eight provisions of the Arkansas Rules of Professional Conduct. On Decem-

ber 9, 2005, a public hearing was held, and the Committee entered an order finding Walker in violation of the following five rules: 1) Rule 1.4(a) for failing to keep Britt timely and properly informed of the status of her claim; 2) Rule 1.4(b) for failing to advise Britt before the statute of limitations on her claim expired that circumstances not involving her might cause a failure by him or his firm to pursue her claim; this denied Britt the opportunity to seek other counsel; 3) Rule 5.5(a) for practicing law while his law license was suspended; 4) Rule 8.4(c) for being dishonest with Britt, when he informed her by letter that her claim would be handled in accordance with her wishes; and 5) Rule 8.4(d) for failing to timely and properly handle Britt's claim, or see that it was handled by another attorney, or inform her that he could not handle the claim and that she should seek other counsel; this resulted in Britt's losing her right to have her claim filed. After considering Walker's prior disciplinary history as well as the record in this case, the Committee found that Walker's conduct constituted serious misconduct and suspended his license to practice law for three years.[1] The Committee further refused to credit the three-year suspension with the additional time his license was not reinstated beyond the expiration of his previous one-year suspension.[2] Walker now appeals the Committee's order.

Walker now contends that the Committee's decision to find him in violation of five provisions of the Arkansas Rules of Professional Conduct was erroneous. He asserts that the Committee's findings were unsupported by the evidence, that those findings were contradictory, and that the Committee improperly extended the language of the rules to cover situations that should not have been covered. He further claims that it was Larry Dunklin, not he, who let the statute of limitations expire on Britt's claim and that the only basis for the Committee's findings was Walker's failure to predict that Dunklin would not file Britt's lawsuit within the applicable statute of limitations.[3] He argues, in addition, that he did not intend to be dishonest with Britt about

---

[1] Walker's past sanctions include four cautions, two warnings, two reprimands (including fines, costs, and eighteen months of probation), and a one-year suspension.

[2] Walker's previous one-year suspension expired on April 21, 2004, but he never sought reinstatement. Walker's law license has been continually suspended since April 21, 2003.

[3] Contradicting this assertion on appeal is Walker's admission at his hearing that Dunklin should not be held morally or legally responsible for what happened to Britt.

the progress of her claim and also that the Committee contradicted itself in finding that he practiced law while his license was suspended by meeting with Britt on the one hand and then finding that he failed to keep Britt properly informed by not meeting with her sooner on the other. As a final point, Walker contends that even if the violations are sustained, the three-year suspension is excessive and should be reduced.

This court has fixed the standard of review for an appeal from the Committee:

> Pursuant to Section 12(B) of the Procedures, on appeal, this court carries out a *de novo* review on the record. *Lewellen v. Sup. Ct. Comm. on Prof'l Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). A *de novo* review on the record determines whether the factual findings were clearly erroneous, or whether the result reached was arbitrary or groundless. *Id.* Due deference is given to the Committee's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Colvin v. Comm. on Prof'l Conduct*, 309 Ark. 592, 832 S.W.2d 246 (1992); *see also Neal v. Matthews*, 342 Ark. 566, 30 S.W.3d 92 (2000). However, conclusions of law are given no deference on appeal. *See Montgomery v. Bolton*, 349 Ark. 460, 79 S.W.3d 354 (2002). The Committee's findings of fact will not be reversed unless the findings are clearly erroneous, and the action taken by the Committee will be affirmed unless it is clearly against the preponderance of the evidence. *Fink v. Neal*, 328 Ark. 646, 945 S.W.2d 916 (1997).

*Comm. on Prof'l Conduct v. Revels*, 360 Ark. 69, 72-73, 199 S.W.3d 630, 631-32 (2004). This court has also said that "a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Ligon v. Price*, 360 Ark. 98, 105, 200 S.W.3d 417, 422 (2004).

As already noted, the Committee found Walker in violation of five rules of the Arkansas Rules of Professional Conduct. Each of the five rules will be discussed *seriatim*.

### *Rule 1.4(a)*

Rule 1.4(a) reads:

> (a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent...is required by these Rules.

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

The Committee found that Walker violated this provision by failing to keep Britt timely and properly informed of the status of her claim.

■ The basis for the Committee's finding was that, after the June 11, 2003 letter, despite repeated attempts to obtain information about her claim, Britt was unable to contact Walker until after the statute of limitations for her claim had expired. Walker took no action to assure that Britt was kept informed of the status of her legal matter. Moreover, he failed to inform her that their attorney-client relationship would have to terminate because of his suspension. We hold that the Committee's finding that Walker violated Rule 1.4(a) was not clearly erroneous.

### Rule 1.4(b)

■ Rule 1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." The Committee found that Walker violated this provision by failing to inform Britt that circumstances not involving her might cause his failure or the failure of his firm to pursue her claim. This denied Britt the opportunity to possibly seek other counsel to represent her in the matter. No evidence was presented to the Committee showing that Walker ever communicated to Britt that his license had been suspended and that he could no longer represent her in the matter. Accordingly, Britt was unaware that Walker could not

file a lawsuit on her behalf or have any other communication with her regarding her claim. Though Walker informed Britt that Dunklin would be managing her case, Britt testified that she assumed both Walker and Dunklin were working on her claim and that she did not learn that Walker's license had been suspended until Sutter told her that on May 24, 2004. Even when Walker met with Britt on May 3, 2004, he still did not inform her of his suspension. Based on these facts, we conclude that it was not clearly erroneous for the Committee to find that Walker violated Rule 1.4(b).

## Rule 5.5(a)

Rule 5.5(a) reads: "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." Because of Walker's communication with Britt after the suspension of his law license, the Committee found that Walker violated this provision by practicing law in this state during his suspension. Based on the evidence presented at the hearing, the Committee focused on these facts to support its finding: 1) after his suspension, Walker used the third floor of his former law firm's office as his personal business office; 2) Walker met with Britt on May 3, 2004, in a conference room located in his former law firm's office and discussed her legal matter with her; 3) during his suspension, Walker admitted that he talked to Dunklin about cases that Dunklin resolved in which Walker was entitled to a fee; 4) during his suspension, Walker obtained a client's file in an unrelated case from his former law office and sent a copy of the file to an attorney in another state; and 5) during his suspension, Walker continued to use his former law firm's telephone number, post office box, and letterhead.

Walker argues in his brief that he did not practice law during his suspension, because he did not appear in court with Britt, he did not represent her in connection with a third party, he did not accept a fee from her, and he did not tell her how to conform to the law. The Committee responds that the practice of law encompasses many different actions and is not limited to appearing in court or representing a client to a third party. Walker held himself out to Britt as a licensed attorney during his suspension and met with her at his former law firm's office to discuss her legal matter.

Under these facts, we cannot say that the Committee's finding that Walker practiced law while his license was suspended was clearly erroneous.

Walker goes further, however, and contends that the Committee's finding that he practiced law while his license was suspended by meeting with Britt contradicts its finding that he failed to inform Britt about the status of her claim properly. He essentially argues that had he met with Britt earlier, the Committee would have found that he practiced law without a license, and yet, the Committee found him in violation of another rule by not meeting with her. He asserts that whether he met with her earlier or not, the Committee would have found him in violation of some rule of professional conduct.

■ Walker's argument has no merit. The Committee found that he practiced law while his license was suspended by meeting with Britt at his former law firm's office, among other things, and discussing with her the legal status of her case. Walker could have informed Britt at that time that he was unable to handle her claim because of his one-year suspension and advise her to seek new counsel without practicing law. He did not do so, and because of this, the Committee found that he failed to keep Britt properly informed. We agree that this argument presents no defense to his violation of Rule 5.5(a).

### Rule 8.4(c)

Rule 8.4(c) provides that it constitutes professional misconduct for an attorney to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The Committee found that Walker was dishonest with Britt when he informed her by letter that her claim would be handled in accordance with her wishes without informing her of his suspension. Walker maintains that this finding was erroneous because there is no evidence that he *intended* to be dishonest with Britt and because he could not have known that Dunklin would fail to handle her case properly.

This court has held that intentional misconduct is not required for an attorney to violate the Rules of Professional Conduct. *See, e.g., Fink v. Neal*, 328 Ark. 646, 945 S.W.2d 916 (1997). Rather, gross negligence in handling a client's matter is sufficient for there to be a violation of the rules. *See id.* (citing *Clark v. Supreme Court Comm. on Prof'l Conduct*, 320 Ark. 597, 898 S.W.2d 446 (1995)).

■ Though the Committee did not find that Walker intended to be dishonest with Britt, the fact remains that Walker represented to Britt that her claim would be handled properly. Furthermore, Walker never informed Britt that his license to practice law was suspended and that he could not personally handle her case. Britt testified that she believed both Walker and Dunklin were working on her case. Because Walker misled Britt about how her legal matter would be handled and what his role would be in working on her claim, his conduct resulted in dishonesty, irrespective of his intent to misrepresent. Because intentional misconduct is not required, the Committee's finding that Walker was dishonest with Britt was not clearly erroneous, and we affirm it.

### Rule 8.4(d)

Rule 8.4(d) says that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." The Committee found that Walker violated this provision by failing to handle Britt's claim in timely or proper fashion, seeing that it was appropriately handled by another attorney, or advising Britt that she should make other arrangements for legal representation. Walker's failure to act resulted in Britt's losing the right to have her claim resolved and further led to a legal malpractice action against Walker. All of this resulted in an unnecessary use of court time and resources. Walker argues that an unnecessary use of court time and resources is not sufficient to find him in violation of Rule 8.4(d) and that this rule has never been extended to include an unnecessary invocation of the legal process.

Walker's argument, however, is misplaced. The Committee found that Walker's failure to protect his client's right to have her lawsuit timely filed amounted to conduct prejudicial to the administration of justice. The Committee also stated that this conduct resulted in Britt's having to file a legal malpractice claim against Walker, which was an unnecessary use of court time and resources. Yet, the Committee did not find that the basis of the Rule 8.4(d) violation was the legal malpractice lawsuit; the basis was Walker's conduct that led to the lawsuit.

■ As discussed above, gross negligence in the handling of a client's legal affairs is sufficient to find that an attorney has violated the Arkansas Rules of Professional Conduct. *See Fink, supra.* Rule 8.4(d) has been interpreted to encompass a broad range of misconduct. *See Ligon, supra* (failure to respond to discovery

requests and other pleadings); *Gillaspie v. Ligon*, 357 Ark. 50, 160 S.W.3d 332 (2004) (failure to file a timely notice of appeal in a criminal case); *Seeco, Inc. v. Hales*, 334 Ark. 134, 969 S.W.2d 193 (1998) (attorney's participation in a series of events to force a trial judge to recuse in a particular case); *Fink, supra* (failure to make a reasonable inquiry into facts during critical stages of litigation); and *Clark, supra* (ignoring a client's case for nearly two years after defendants filed a motion to dismiss). Walker, at best, was negligent in handling Britt's claim, which caused her to be misled about her legal representation. We hold that the Committee's finding that Walker's conduct violated Rule 8.4(d) was not clearly erroneous.

For his final argument, Walker argues that even if the rule violations are sustained, the sanction of a three-year suspension is excessive. He argues that his conduct did not warrant a three-year suspension to practice law. Alternatively, he claims that even if it did, he should be credited with the additional time beyond the previous one-year suspension in which he was unable to practice law because he had not sought reinstatement. The Committee responds that the sanction is not excessive because Walker's conduct amounted to serious misconduct as defined by the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law.

Section 17.B of the Procedures states:

> B. *Serious Misconduct.* Serious misconduct is conduct in violation of the Model Rules that would warrant a sanction terminating or restricting the lawyer's license to practice law. Conduct will be considered serious misconduct if any of the following considerations apply:
>
> (1) The misconduct involves the misappropriation of funds;
>
> (2) The misconduct results in or is likely to result in substantial prejudice to a client or other person;
>
> (3) The misconduct involves dishonesty, deceit, fraud, or misrepresentation by the lawyer;
>
> (4) The misconduct is part of a pattern of similar misconduct;
>
> (5) The lawyer's prior record of public sanctions demonstrates a substantial disregard of the lawyer's professional duties and responsibilities; or

(6) The misconduct constitutes a "Serious Crime" as defined in these Procedures.

Ark. Sup. Ct. P. Regulating Prof'l Conduct of Att'ys at Law § 17.B.

We conclude that it is clear that Walker's conduct in this matter amounts to serious misconduct. Without question, his conduct resulted in substantial prejudice to Britt as she lost the right to have her legal claim properly litigated and resolved. Moreover, Walker misled Britt about the handling of her claim and further failed to inform her that he could not practice law. Further, Walker has a history of similar misconduct.

A three-year suspension is not excessive under the facts of this case. Section 17.E(2) of the Procedures states that suspension is an appropriate sanction when a panel of the Committee determines that an attorney has engaged in serious misconduct and, after considering the factors of section 19, decides that the nature of the misconduct does not warrant disbarment. Factors listed in section 19 of the Procedures include the following: nature and degree of the misconduct; seriousness and circumstances surrounding the misconduct; damage to the client; damage to the profession; assurance that those who seek future legal services will be protected; profit to the lawyer; avoidance of repetition; whether misconduct was deliberate, intentional or negligent; deterrent effect on others; maintenance of respect for the legal profession; conduct of the lawyer during course of hearing; and the lawyer's prior disciplinary record. *Id.* § 19.

We conclude that Walker's misconduct was serious and caused substantial damage to his client. We also take note of the fact, as did the Committee, that Walker has been sanctioned several times by the Committee for past misconduct, which resulted in a one-year suspension and two reprimands, among other sanctions. For these reasons, we hold that a three-year suspension of Walker's license to practice law is not excessive.

Affirmed.

IMBER and DANIELSON, JJ., not participating.