375 Ark. 350

**Ann C. DONOVAN, Appellant,**

v.

**SUPREME COURT COMMITTEE ON
PROFESSIONAL CONDUCT,
Appellee.**

No. 08–804.

Supreme Court of Arkansas.

Jan. 15, 2009.

Rehearing Denied Feb. 26, 2009.

Bob Estes, Fayetteville, for appellant.

Stark Ligon, Executive Director, and Nancie M. Givens, Deputy Director, Office of Professional Conduct, for appellee.

ROBERT L. BROWN, Justice.

This matter is an appeal by appellant Ann Donovan from the Findings and Order of Panel A of the appellee Arkansas Supreme Court Committee on Professional Conduct ("Committee"), suspending Donovan's license to practice law for twelve months, reprimanding her, requiring her to pay restitution to her clients, and assessing costs. We affirm the Findings and Order of Panel A.[1]

Ann Donovan has been licensed to practice law in Arkansas since 1978. In 2005, she filed a bankruptcy action on behalf of William and Viola Parks, and as a result of that representation, the bankruptcy judge, Richard Taylor, referred her to the Committee for disciplinary action. The allegations by Judge Taylor were that Donovan had filed inaccurate schedules and petitions in the Parks bankruptcy matter, that she took no action for over a year after she was asked to correct the mistakes, and that she failed to communicate adequately with her clients and the bankruptcy trustee.

The Committee sent a formal complaint to Donovan, dated August 28, 2007. The complaint was sent to Donovan's address of record by certified, restricted delivery,

---

1. According to the Procedures Regulating Professional Conduct, the Committee shall consist of two separate seven-member panels. Ark. Sup.Ct. P. Regulating Prof'l Conduct § 3(A)(1) (2008). In this opinion, "Committee" refers to the Committee as a whole. Panel A is the specific seven-member panel of the Committee that decided Donovan's case.

return receipt mail. The complaint was returned unclaimed. On September 21, 2007, the Committee resent the formal complaint, again by certified, restricted delivery, return receipt mail. The Track & Confirm system of the United States Postal Service showed that the complaint was delivered at 8:24 a.m. on October 11, 2007. Donovan contends that she did not receive the complaint until she picked it up at the post office on October 16, 2007.[2]

The parties agree that, under section 9(B) of the Arkansas Procedures Regulating Professional Conduct ("Procedures"), Donovan had twenty days after the complaint was served to file a response to the complaint or to request an extension of time to respond. The dispute between the parties is when the twenty-day period began to run. According to the Committee, it began to run on October 11, 2007, the day the Postal Service documentation shows that the complaint was delivered. Donovan contends that valid service of the complaint was never effectuated and, therefore, the twenty-day period never began running. She urges in the alternative, that even if the twenty-day period did begin to run, it did so on October 16, 2007, the day she contends that she received actual notice of the complaint.

On November 2, 2007, Donovan called the Committee's office and requested an extension of time to file her written response. She also sent the Committee a written extension request via facsimile transmission on the same day. On November 5, 2007, the Committee denied her request for an extension of time on grounds that it was received after the original twenty-day period had expired. According to the Committee, Donovan was required to respond to the formal com-

plaint, in writing, within twenty days of October 11, 2007. It contended that Donovan's opportunity to respond, or to request additional time, was extinguished on October 31, 2007.

At its November 2007 meeting, Panel A of the Committee considered the formal complaint against Donovan and suspended her license to practice law in Arkansas for twelve months, as a sanction for violating multiple rules of professional conduct. Panel A also ordered that she pay restitution to her former clients in the amount of $1,400 and assessed costs in the amount of $50.00. As a final point, Panel A issued a reprimand, as a separate sanction for Donovan's failure to timely file a written response to the formal complaint.

The Committee sent a copy of Panel A's decision to Donovan by way of certified, restricted delivery, return receipt mail. The notice accompanying the decision included information regarding her right to file a petition for reconsideration with the Committee. Donovan failed to sign for the documents on two occasions, and the mailings were returned, as undelivered. On January 17, 2008, the Committee sent the documents to Donovan by first class mail. The Committee included a proof of service, which it requested that Donovan sign and return. She did not do so.

On February 8, 2008, Donovan filed a petition for reconsideration of Panel A's decision, with her proposed response to the original complaint attached as an exhibit. Panel A denied the petition at its March 2008 meeting. The Findings and Order of Panel A were then filed with the clerk of this court as a final order on April 7, 2008, and Donovan was granted a stay

---

**2.** On appeal, Donovan asserts that she became aware of the complaint on October 16, 2007. However, in her petition for reconsideration, she contended that she intended to pick up the complaint on October 13, 2007, but did not actually receive the complaint until the October 16, 2007.

of suspension of her law license pending her appeal.

■■■ This court reviews an appeal from the Committee de novo. *See, e.g., Walker v. Supreme Court Comm. on Prof'l Conduct,* 368 Ark. 357, 362, 246 S.W.3d 418, 421–22 (2007). The de novo review looks to whether the factual findings were clearly erroneous, or whether the result reached was arbitrary or groundless. *Id.* We give due deference to the Committee's superior position to determine the credibility of the witnesses, and its findings of fact will not be reversed unless they are clearly against the preponderance of the evidence. *Id.* The Committee's conclusions of law are given no deference on appeal. *Id.*

Section 9 of the Procedures is primarily at issue in the instant appeal. It requires that, when disciplinary action is taken against an attorney, the Committee shall "furnish to the attorney complained against a copy of the formal complaint and advise the attorney that he or she may file a written response in affidavit form with any supporting evidence desired." Ark. Sup.Ct. P. Regulating Prof'l Conduct § 9(A)(1) (2008). Following effective service, the attorney has twenty days to respond to the complaint in writing. *Id.* § 9(B)(1). If the attorney does not respond, or request an extension of time to respond, within the required twenty days, the factual allegations of the complaint are considered admitted, and the attorney's right to a public hearing is extinguished.[3] *Id.* § 9(C)(4). In such circumstances, the attorney is entitled to file a petition for reconsideration within twenty days of service of the panel's decision to impose sanctions. *Id.* § 9(C)(4)(a). The petition for reconsideration *must state, on oath,* compelling and cogent evidence of unavoidable circumstances sufficient to excuse or justify the initial failure to respond. *Id.*

### I. Untimely Request

■■■ The main thrust of Donovan's argument on appeal is that her request for an extension of time to respond to the formal complaint was timely because the complaint was never properly served on her. She contends that service was not perfected because the Committee did not receive a return receipt, signed by her, evidencing delivery of the complaint. Because of this, Donovan argues that the Committee should have granted her additional time to respond and that Panel A erred in imposing sanctions without considering her response, which was tendered after Panel A made its findings. She further contends that Panel A erred in failing to hold a hearing on the matter. The Committee responds, to repeat in part, that it was not required to obtain a signed receipt and that a properly served complaint was delivered to the appellant on October 11, 2007. As such, her November 2, 2007 communication with the Committee, requesting an extension of the twenty-day time period to respond, was untimely. The Committee is correct on this point.

Throughout her briefs, Donovan cites this court, almost interchangeably, to section 9 of the Procedures and Rule 4 of the Arkansas Rules of Civil Procedure ("ARCP"), as they pertain to service of process. Section 9 specifically provides that a complaint from the Committee may be served on a respondent attorney by "mailing a copy of the formal complaint to attorney's address of record by certified, restricted delivery, return receipt mail." *Id.* § 9(A)(2)(a).

---

**3.** The formal complaint in the instant case stated, in bold, large font, on the front page: WARNING: Failure to timely file a written response to this Complaint can carry substantial adverse consequences and penalties, including that all allegations in the complaint will be deemed admitted, and you lose your right to any public hearing after a ballot vote.

Rule 4 of the ARCP, on the other hand, specifies the way in which service may be perfected in all civil cases. Rule 4 allows for service "by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(d)(8)(A)(i) (2008). Rule 4 goes on to specify that service perfected by mail "shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee." *Id.* R. 4(d)(8)(A)(ii).

As Donovan acknowledges, this court has consistently held that the practice of law is a privilege and not a right. *See, e.g., Cambiano v. Neal,* 342 Ark. 691, 701, 703, 35 S.W.3d 792, 799 (2000). As such, courts cannot summarily restrict a lawyer's ability to exercise the privilege. *Ex parte Burton,* 237 Ark. 441, 445, 373 S.W.2d 409, 411 (1963). Nevertheless, it is well settled that any protections to a law license are subject only to the very lowest review under the Due Process and Equal Protection Clauses of the Constitution. *Cambiano,* 342 Ark. at 703, 35 S.W.3d at 799. This court has also held that the Committee is in the nature of an administrative agency and is not bound by the rules of the court. *See Sexton v. Ark. Supreme Court Comm. on Prof'l Conduct,* 299 Ark. 439, 446–47, 774 S.W.2d 114, 118 (1989). Thus, the Committee is not required to adhere strictly to the Rules of Evidence or the Rules of Procedure. *Id.*

Unlike Rule 4 of the ARCP, section 9 of the Procedures does not require that the Committee produce a signed copy of the return receipt in order for it to act if the respondent attorney fails to respond within twenty days. In short, the language relied on by Donovan in Rule 4(d)(8)(A)(ii) of the ARCP is notably absent from section 9 of the Procedures. Since the Committee is

not required to follow the ARCP, section 9 of the Procedures governs. Despite this, Donovan urges that Rule 4, while not controlling, is instructive to reach a fair result on appeal. We agree that there may be circumstances in attorney discipline cases where it is appropriate to look to the ARCP for guidance, but this is not one of those occasions. Rather, it is incumbent upon this court to apply the Procedures, which specifically apply to the Committee, where they differ from the ARCP, as in the instant case.

We conclude that Panel A's finding that the Committee properly served Donovan with a formal complaint on October 11, 2007, is not clearly erroneous. Donovan did not respond, or request an extension of time, until November 2, 2007, which caused her response to be untimely according to the Procedures. Panel A, accordingly, acted within its authority in treating her failure to respond as an admission of the factual allegations in the complaint. We affirm the Committee on this point.

## II. Request for Reconsideration

Donovan also contends that Panel A erred in denying her motion for reconsideration because of excusable neglect. The Committee answers that Panel A did not err because Donovan failed to present compelling and cogent evidence for why she did not timely respond to the formal complaint, as required by section 9(C)(4)(a) of the Procedures.

Panel A's findings in denying Donovan's petition for reconsideration will be upheld unless they are clearly against the preponderance of the evidence. *See Lewellen v. Supreme Court Comm. on Prof'l Conduct,* 353 Ark. 641, 646, 110 S.W.3d 263, 266 (2003). Moreover, as already noted, a panel of the Committee will grant a petition for reconsideration if the

attorney presents compelling and cogent evidence of unavoidable circumstances sufficient to excuse or justify the failure to respond within the required twenty-day period. Ark. Sup.Ct. P. Regulating Prof'l Conduct § 9(C)(4)(c). This court gives deference to the panel's superior position to determine the credibility of the evidence and the weight it is to be accorded. *See Lewellen*, 353 Ark. at 646, 110 S.W.3d at 266.

Donovan's petition for reconsideration in the instant case first alleged that her request for an extension was not untimely. As discussed in the first point on appeal, that argument is without merit. The petition for reconsideration also contained allegations regarding her various personal difficulties during the time in which the formal complaint was served. She states that her home was sold in a non-judicial foreclosure sale on October 2, 2007; that she had a doctor's appointment which resulted in her receiving an MRI; that she was in communication with the Judges and Lawyers Assistance Program with respect to her depression; that her sister-in-law was diagnosed with terminal cancer; and that her brother was diagnosed with skin cancer. On appeal, she makes a conclusory statement that "[s]urely illness requiring a MRI of one's brain, cancer in the family, and other factors of this magnitude will qualify as unavoidable casualty or circumstances, and excusable neglect."

While the circumstances in Donovan's life may have given her valid grounds for requesting an extension of the initial twenty-day response period if she had done so within that time period, we agree with Panel A that they do not present cogent and compelling evidence for why she failed to request the extension before the twenty-day period elapsed. We hold that Panel A's finding that Donovan's personal circumstances did not present cogent and compelling evidence for her failure to respond was not clearly against the preponderance of the evidence.[4]

### III. Mandamus

Donovan has also filed a petition for writ of mandamus directing the Committee to grant her petition for reconsideration or afford her a new hearing before an alternate panel or both.

A writ of mandamus is appropriate only when a petitioner shows a clear and certain right to relief sought in the absence of another adequate remedy. *Hanley v. Ark. State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). More specifically, we have said that to be adequate, the alternative remedy must be "plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked." *Id.* at 164, 970 S.W.2d at 200 (quoting *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988)).

In the instant case, Donovan has such an alternative, adequate remedy in the form of an appeal, which is now before this court. For this reason, we deny the petition for writ of mandamus.

Affirmed. Petition for writ of mandamus denied.

---

4. In her reply brief, Donovan asserts that the Committee's brief failed to comply with this court's abstracting requirements in Supreme Court Rule 4-2. She argues that the Committee should have abstracted the April 5, 2007 hearing before Judge Taylor, rather than including the transcript in its supplemental addendum. However, the hearing transcript was part of Exhibit A, which also included Judge Taylor's letter referring Donovan to the Committee. As an exhibit, the Committee was permitted to include the transcript in its supplemental addendum. Ark. Sup.Ct. R. 4-2(a)(8) (2008).